Thomas Brawner, Plaintiff in Error, *v.* Robert Lomax *et al.*, Defendants in Error.

ERROR TO HANCOCK.

A demurrer to a special plea cannot be carried back to the declaration, after a direct demurrer to it has been overruled, and the general issue pleaded.

This was an action of replevin brought for sundry goods and chattels by the defendants against the plaintiff, in the Circuit Court of Hancock county. At May term, 1857, Sibley, Judge, presiding, the cause was tried before a jury, and a verdict and judgment was rendered for the plaintiffs below.

The affidavit upon which the writ was issued, was as follows:

" Robert Lomax being first duly sworn, doth depose and say that Robert and Alfred Lomax are now entitled to the possession of the following goods and chattels and property, to wit: All the furnitures, wares, etc., lately used in the Fort Edwards House, in Warsaw, Illinois, and sold by one James B. Smith to Thomas Brawner, and now in the possession of the said Thomas Brawner, consisting of bedsteads, beds and bedding, chairs, carpets, stoves, plate, and all other furniture and ware of every nature whatever used in a public house for the entertainment of boarders and travelers, of the value of two thousand dollars, and that said Brawner now unjustly detains said property ; that said property has not been taken for any tax, assessment, or fine levied by virtue of any law of this State, nor seized under any execution or attachment against the goods and chattels of said Robert and Alfred Lomax, liable to execution or attachment."

Upon this affidavit, a writ of replevin was issued by the clerk of said court, under which the sheriff replevied from Brawner

and delivered to the Lomaxes, after taking bond of them, sundry specified articles of personal property.

The declaration contained two counts in replevin.

To this declaration and each count, Brawner filed four pleas, as follows :

That he did not wrongfully detain said goods and chattels.

That said goods and chattels were not the property of the Lomaxes.

That said goods and chattels were the property of himself, and not of the Lomaxes.

That Brawner, before the commencement of the suit, purchased said goods and chattels from one James B. Smith, and paid him for the same the full value thereof.

Issues of fact were joined on the first, second and third pleas. To the fourth plea, the plaintiffs below filed a general demurrer, which was sustained by the court.

The jury, by their verdict, found the issues for the plaintiffs below, and that said furniture was their property, and that the defendant detained the same as alleged in the declaration. Upon the verdict being rendered, Brawner, the defendant below, moved for a new trial, on the grounds that the verdict was contrary to the evidence and the law, and because the same was contrary to the weight of the evidence in said cause ; which motion the court overruled, and Brawner excepted.

Brawner assigns for error, the overruling of his motion to quash the writ of replevin, and the sustaining of the demurrer to his fourth plea, instead of the respective counts of the declaration.

WHEAT & GROVER, for Plaintiff in Error.

J. GRIMSHAW, for Defendants in Error.

BREESE, J. On reason and authority, the title to the chattels in controversy, as between the parties, Smith and the Lomaxes, passed unconditionally to Smith at the time the possession was delivered by the Lomaxes to him. The sale was complete, and the delivery unconditional, as all the proof shows. This being so, Brawner had a perfect right to purchase the chattels of Smith and take possession of them. *Smith* v. *Dennis*, 6 Pickering, 262 ; *Jennings* v. *Goss et al.*, 13 Ill. R. 611 ; *Brundage* v. *Camp*, 21 ib. 330.

The verdict was against the evidence, and a new trial should have been awarded.

Upon the other point, that the demurrer to the defendant's fourth special plea, should have been carried back to the declara

tion, on the presumption the narr. was defective, we have to say, the record would present a strange appearance, if, after a demurrer to the declaration has been overruled and the general issue pleaded, a demurrer to a defective plea should be carried back to the declaration. The general issue disposes of the demurrer, and of matters to be reached by it, in every subsequent stage of the proceedings.

It is only by allowing a party to plead double, that this question can arise, so that no guide can be afforded for adjudication on the point, by the decision of the English or American courts, where this kind of pleading is not allowed. The record would not look well with a general demurrer to a declaration overruled, and then carried back over the general issue, when filed to a defective special plea. The judgment of the Circuit Court is reversed, on the first point, and the cause remanded.

*Judgment reversed.*