Schofield *v.* Settley et al.

| 31 | 515 |
| 132 | 165 |
| 31 | 515 |
| 40a | 453 |
| 31 | 515 |
| 57a | 335 |
| 31 | 515 |
| 172 | 250 |
| 173 | 104 |
| 31 | 515 |
| 175 | 374 |
| 31 | 515 |
| 100a | 567 |
| 31 | 515 |
| 102a | 424 |

## HIRAM SCHOFIELD

*v.*

## HENRY SETTLEY, AND AMOS HEMING.

1. DEMURRER TO PLEA—*when it will not be carried back to the declaration.* Where a plea of the general issue is put in to the whole declaration, a demurrer to a special plea cannot be carried back to the declaration.

2. ARREST OF JUDGMENT—ERROR—*defective declaration.* If the declaration be so defective that it will not sustain a judgment, that may be taken advantage of, on a motion in arrest of judgment, or on error.

Schofield *v.* Settley et al.

3. BILL OF EXCEPTIONS — *when necessary.* A party cannot question, on error, the ruling of the court below in refusing to require the plaintiff to file a more definite bill of particulars, unless that already filed be preserved in the record by bill of exceptions.

4. WITHDRAWING A JUROR — *its effect.* The practical effect of withdrawing a juror, in our practice, is not that it shall operate as a non-suit, but merely to carry the cause over to another term.

5. SAME — *discretionary with the court.* Granting leave to withdraw a juror, rests in the discretion of the court, and such terms may be imposed as may be deemed just. Unless the discretion is greatly abused, its exercise cannot, in ordinary cases, be assigned as error.

6. SAME — *as to the costs.* In this case the terms imposed upon the party to whom the leave was given, were the payment of the costs of the term ; and while this court would have been better satisfied if all the costs had been charged to the party, they would not reverse the judgment because that was not done.

WRIT OF ERROR to the Circuit Court of Stephenson county ; the Hon. BENJAMIN R. SHELDON, Judge, presiding.

Henry Settley and Amos Heming instituted an action of debt, in the court below, against Hiram Schofield, upon an agreement under seal, by which the plaintiffs below agreed to build a house for the defendant, according to certain plans and specifications referred to in the contract, for which the defendant was to pay the plaintiffs a certain specified sum of money.

The breach alleged the non-payment of the money. Before pleading to the action, the defendant moved the court for a rule upon the plaintiffs to file a more specific bill as to the first three items of his account; which motion was overruled, and the defendant excepted. The defendant then pleaded the general issue and several special pleas; to some of the latter the plaintiffs interposed a demurrer, which was sustained.

Issues being formed upon the remaining pleas, a jury was empanneled, after which, upon motion of the plaintiffs, leave was given to withdraw a juror. A juror being withdrawn, and the jury discharged, the court ordered that the cause be continued, and that the plaintiffs pay the costs of the term.

Subsequently, such proceedings were had, that the plaintiffs recovered a judgment against the defendant, who thereupon sued out this writ of error.

The plaintiff in error now insists, that the demurrer to the special pleas, which was sustained by the court below, should have been carried back to the declaration, as that was obnoxious to a demurrer; *second*, that the court erred in not requiring the plaintiffs below to file a more particular account, containing items and dates; and *third*, in allowing a juror to be withdrawn without rendering a judgment against the plaintiffs for previous costs.

Messrs. MEACHAM & GOODHUE, and LELAND & BLANCHARD, for the plaintiff in error.

Mr. F. C. INGALLS, for the defendants in error.

Mr. JUSTICE BREESE delivered the opinion of the Court.

No abstract has been furnished, of the record in this cause. Briefs by both parties have been submitted, and the case will be disposed of on them, as they may make the case to appear.

The action was debt, on an agreement, under seal, to build a house according to certain plans and specifications referred to in the contract. The breach is, non-payment according to the contract. The defendant pleaded the general issue and several special pleas, to some of which, the fifth and sixth, demurrers were interposed.

It is claimed by the defendant, that the pleas were as good as the declaration; and as that was bad, in not setting out what the plans and specifications were, the demurrer should have been sustained to the declaration. No motion was made to carry the demurrer back upon the declaration; and if it had been, it would not have been allowed, against the authority of the cases of *Wear* v. *The Jacksonville and Savannah R. R. Co.*, 24 Ill. 593, and *Wilson et al.* v. *Myrick*, 26 Ill. 35, by which the doctrine is established for this court, that when a plea of the general issue is put in to the whole declaration, a

demurrer to a plea cannot be carried back to the declaration, upon the well-settled ground, that you cannot plead and demur to the same pleading at the same time. If the declaration be so defective that it will not sustain a judgment, that may be taken advantage of, on a motion in arrest of judgment, or on error. The same rule is found in *Brawner* v. *Lomax et al.*, 23 Ill. 496.

Another objection is taken by the plaintiff in error, that the court ought to have ruled the plaintiff in the court below to file a more definite bill of particulars. In answer to this, it is to be said, the record furnishes no bill of particulars which we can notice. There is no bill of exceptions preserving it on the record. There should have been, if the defendant intended to raise a question upon it here. *Franey* v. *True*, 26 Ill. 184.

The remaining objection is, that after the jury was empanneled, the court, at the instance of the plaintiff, gave leave to withdraw a juror, without non-suiting the plaintiff. The practical effect of withdrawing a juror, in our practice, is not that it shall operate as a non-suit, but merely to carry the cause over to another term.

This practice has crept in gradually, ameliorating the more rigid mode of proceeding by the rules of the common law. It is considered necessary for the due administration of justice, that courts should possess this power, to be used in their discretion. *Miller* v. *Metzger*, 16 Ill. 393; *The People, etc.,* v. *The Judges of the Court of Common Pleas of the City of New York*, 8 Cowen, 127; *People* v. *Ellis et al.*, 15 Wend. 371.

Resting in the discretion of the court, such terms may be imposed as may be deemed just; and unless the discretion is greatly abused, its exercise cannot, in ordinary cases, be assigned as error. *Heslef* v. *Peters*, 3 Scam. 45. We would have been better satisfied with the exercise of this discretion in this case, if all the costs had been charged against the plaintiff. As it is, we cannot reverse because they were not. The judgment is affirmed.

*Judgment affirmed.*