## CHARLES B. WARE

*v.*

## JOHN G. NOTTINGER.

1. PRACTICE — *trial by court without a jury.* The trial of a cause by the court without a jury, where the record does not show that a jury was waived or the case submitted to the court alone, is an invasion of the constitutional right of trial by jury.

WRIT OF ERROR to the Circuit Court of La Salle county; the Hon. MADISON E. HOLLISTER, Judge, presiding.

The defendant in error brought an action of covenant against the plaintiff in error.

To several of the special pleas filed by the defendant below, a demurrer was interposed, and on the 20th of June, 1863, the following order was entered:

"This day Messrs. Gray, Avery & Bushnell withdraw their appearance herein for the defendant, and it is ordered by the court, on motion of Glover, Cook and Campbell, of counsel for plaintiff, that plaintiff's demurrer to defendant's second, third, fourth and fifth pleas be sustained. It is therefore considered by the court that judgment be entered herein against said defendant on the said demurrer, and it appearing to the court *that by agreement of parties, this cause was heretofore submitted to the court for trial by both parties,* it is ordered to be passed until after the discharge of the jury."

On the 25th of June, A. D. 1863, the following order was entered:

"This day again comes the plaintiff, by Glover, Cook & Campbell, his attorneys, and the court, after hearing the evidence and due deliberation thereon, had found the issues in favor of the plaintiff, and assess his damages at seven hundred and seventy-three dollars and eight cents. It is therefore considered by the court that the plaintiff have and recover of the defendant the sum of seven hundred and seventy-three dollars and eight cents for his damages, also his costs and charges by him herein expended, and that he have execution therefor."

The defendant brings the case to this court on writ of error.

It as assigned for error that the court erred in trying the cause without a jury.

Messrs. LELAND & BLANCHARD, for the plaintiff in error.

The recital in the order of June 20th, 1863, that by agreement of parties the cause was heretofore submitted to the court for trial, is a recital of that which was not done, and the recital was made after the defendant's attorneys had abandoned the case. We mean the recital of a fact not appearing of record to have been done, and the recital of this supposed past fact does not contain a statement that this matter *in pais* was really

an agreement of the defendant to waive the intervention of a jury, the record would show that the defendant consents to waive a jury and substitutes the judge, at the time of the trial, and the recital that there was a previous parol agreement that it might be done ought not to be allowed, especially when the recital is in an order entered up after the defendant's attorneys had withdrawn from the case. The only statements in the record on the subject, is in this order of June 20th, 1863.

We claim the waiver of a jury does not legally appear of record.

Mr. Justice Breese delivered the opinion of the Court:

No agreement that the court should try the issues made up in this cause, appears in the record, except the recital in the order of court, which order appears to have been made after the attorneys for the defendant had withdrawn from the case, which withdrawal took place before the court had disposed of the demurrers.

There is nothing then, in the record, to show that a jury was waived. If not waived, then the defendant's constitutional right to have a jury to try the issues was invaded. Const. art., 13, § 6. No waiver of a jury, or of submission to the court alone, appears to have been made while the defendant had an attorney in court.

For this irregularity the judgment must be reversed.

*Judgment reversed.*