51  373
25a 516

## SAMUEL CLAYCOMB

*v.*

## MILTON C. MUNGER.

1. COVENANTS FOR TITLE—*run with the land.* A covenant of warranty in a deed, to the grantee, his heirs and assigns, runs with the land, and its benefits may be claimed by a remote grantee.

2. SAME—*whether an eviction necessary.* To recover upon a covenant of warranty, there must be an eviction or something equivalent thereto. Anciently, an actual eviction had to be shown, but the present and better doctrine is, that a technical eviction is not necessary, but that the covenantee or his assigns may peaceably yield to a paramount title.

3. The covenantee may make an effort himself to recover possession, if it be adversely held, or, if in possession, he may await an action by his adversary, or, being able to show his adversary has the superior title, may yield to it, and purchase it for his own protection, and then resort to his remedy on the covenant of warranty to him.

4. SAME—*of the necessity of notice to the warrantor.* It is not essential to a right of action on the covenant that the covenantor have notice to come in and defend the title he has warranted; the only purpose subserved by giving such notice is to relieve the covenantee from the necessity of showing that the judgment of eviction was upon a superior title.*

5. In this case, the warrantor, before making the covenant sued upon, had executed a mortgage upon the premises, with a power of sale, under which the land was sold and a deed executed to the purchaser. This title

---

* See also, *Sisk* v. *Woodruff*, 15 Ill. 15.

the remote grantee purchased in for his own protection, and then sued upon the covenant. The warrantor had agreed to pay the mortgage, but did not, nor was it paid with his money. Notice to him, therefore, could have had no beneficial influence on his rights, and was unnecessary.

6. MEASURE OF DAMAGES—*in an action on a covenant of warranty.* The measure of damages in an action on a covenant of warranty, where the plaintiff has purchased in an outstanding superior title, is the amount paid therefor, with interest.

7. PARTIES—*right of an intermediate holder to sue on covenant of warranty.* Where a covenantee, or his grantee, conveys the land before a breach of the covenant has occurred, the last grantee becomes the assignee of the covenant and he alone can sue for a subsequent breach thereof.

8. But if the last conveyance contained a covenant of warranty, and the grantor therein afterwards purchase in an outstanding superior title, that will satisfy his covenant to his grantee, and he will have his action against the first covenantor, there being no other person who could maintain it.

9. PLEADING—*construed most strongly against the pleader.* Where the defendant in an action for a breach of covenant of warranty, pleaded that the plaintiff had conveyed the premises to another, without averring that he conveyed by quitclaim, it will be intended, in the absence of such averment, and in favor of the plaintiff, that he conveyed by warranty.

10. SAME—*carrying a demurrer to a plea back to the declaration.* After a demurrer to a declaration has been overruled and the general issue pleaded, a demurrer to a defective plea cannot be carried back to the declaration.

11. So, where a general demurrer to a declaration in an action for a breach of a covenant of warranty, had been overruled, and all the material allegations traversed by the pleas of *non est factum*, and *non infregit conventionem*, and special pleas, it was held, a demurrer to another plea could not be carried back to the declaration. A party can not plead in bar and demur at the same time to the same matter.

12. ACCORD AND SATISFACTION—*when availing.* In an action by a remote grantee upon a covenant of warranty, a plea by the defendant of an accord and satisfaction by his immediate grantee with him, without averring that it was before the first grantee had parted with his title to the plaintiff, and that the latter had notice of it before he purchased, is bad, as a release or a satisfaction by the first grantee after he had conveyed to the plaintiff, would be of no force.

APPEAL from the Circuit Court of Warren county ; the Hon. ARTHUR A. SMITH, Judge, presiding.

The opinion states the case.

Messrs. HARRIS, HALL & HOFFMAN, for the appellant.

Messrs. FROST & TUNNICLIFF, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action of covenant, in the Circuit Court of Warren county, brought by Milton C. Munger, against Samuel Claycomb, and a verdict and judgment for the plaintiff. The record is brought here by appeal to reverse the judgment.

It appears that the defendant, on the 12th of October, 1859, executed to Andrew Claycomb and William H. H. Claycomb, a warranty deed, with full covenants, for a lot in the city of Monmouth, upon which defendant had previously executed a mortgage to one H. G. Hardin, which was in full force and unsatisfied at the time of the execution of the deed to the Claycombs.

The premises were conveyed to the plaintiff by Andrew and William H. H. Claycomb, on the 24th of April, 1861.

After the execution of this deed, the premises were sold under the mortgage, in pursuance of a power contained therein, to one Chauncey Hardin, and a deed executed to him therefor. The plaintiff purchased the title thus acquired by Hardin, and received a conveyance from him, and then brought this suit. The verdict was for the amount paid by plaintiff to Hardin, and interest.

The pleadings were very voluminous, raising questions, some of which we do not consider necessary to be examined in the decision of the case, the important question being, the right of appellee to submit to the title acquired by Chauncey Hardin, buy it in, and bring his action against the grantor of A. and W. H. H. Claycomb, appellee's grantors, on the covenant of warranty.

That this covenant runs with the land, and its benefits can be claimed by a remote grantee when there has been no satisfaction, is not questioned. It is a covenant prospective in its effect and operation, and is broken only upon an eviction, or by something equivalent thereto. It runs with the land into whose ownership it may at any time come by descent or purchase. *Brady* v. *Spurck*, 27 Ill. 478. The covenant of warranty is a covenant to defend the covenantee, his heirs and assigns, and though anciently an actual eviction had to be shown, the more modern and better doctrine, and so acknowledged by this court, upon a review of all the authorities upon the point, is, that it was not necessary, to a recovery upon this covenant, to allege and prove a technical eviction, but that it is sufficient on the trial to prove that some person had a title to the premises paramount to his. To paramount title, he may peaceably and voluntarily yield. *Beebe* v. *Swartwout*, 3 Gilm. 162, 184; *Moore* v. *Vail*, 17 Ill. 185; *Brady* v. *Spurck*, 27 ib. 478.

The premises having been sold to Hardin and a deed executed to him, he held a paramount title to them, and although he never asserted it by action, but conveyed it to appellee, it is clear, had he asserted it, he would have recovered the premises in an action of ejectment. The option was presented to appellee, had he taken possession, to await action by the purchaser under the mortgage, or yield to its superior force, by receiving a deed from such purchaser. The spirit of the decisions to which we have referred, go thus far, that the covenantee may make an effort himself to recover possession, if it be adversely held, or, if in possession, he may await an action by his adversary, or, being able to show his adversary has the superior title, may yield to it, and purchase it for his own protection. No good reason can be assigned why the covenantee should be required, if in possession, to await an eviction, if he is ready to show the adverse title to which he yielded was paramount to his own.

No argument can be drawn from the fact, that by such proceeding, the covenantor has no opportunity to defend against

such title, but this argument loses its force when it is considered, if an action was brought to recover the possession from the covenantee, the covenantor is not entitled to notice to come in and defend the title he has warranted. Rawle on Cov. 208 ; *King* v. *Kerr*, 5 Ohio, 158. In *Smith* v. *Compton et al.* 3 Barn. and Adol. 106, in such an action, it was held, the only effect of want of notice, is to let in the party who is called upon for an indemnity, to show that the plaintiff has no claim in respect of the alleged loss, or, not to the amount alleged. And by BULLER, Justice, in *Duffield* v. *Scott*, 3 Term R. 374, the purpose of giving notice is not in order to give a ground of action ; but if a demand is made which the person indemnifying is bound to pay, and notice is given to him and he refuses to defend the action, in consequence of which the person to be indemnified is obliged to pay the demand, that is equivalent to a judgment, and estops the other party from saying that the defendant in the first action was not bound to pay the money.

In this case, appellant was sworn as a witness for the plaintiff, and he testified, that he had agreed to pay the Hardin mortgage but did not, and it was never paid out of his money. Notice to him, therefore, could have had no beneficial influence upon appellant's interests, and was unnecessary.

Hardin's title, obtained under the mortgage sale, was the superior title, to which appellee had a right to yield and buy it in, and in so doing, a right of action accrued to him on the warranty made by appellant to the Claycombs, from whom appellee derived title. The measure of damages was the amount paid by appellee in buying in Hardin's title, with the interest thereon, and so much and no more did the jury find.

We will now notice, briefly, the points made by appellant on the pleadings in the cause. There were thirteen pleas filed, the first, *non est factum* as to the deed, the second, *non infregit conventionem*, third, *non est factum* as to the Hardin mortgage ; the others were special, six of which were traversed and issues made up. The tenth, eleventh and twelfth pleas were

demurred to, and upon the thirteenth there was an issue of law made, on the defendant's demurrer to plaintiff's replication. The demurrer was sustained to those pleas.

The principal controversy arises upon sustaining the demurrer to the tenth plea, and in not carrying it back to the declaration.

This plea, as also the eleventh plea, alleges in substance, that on the 29th of July, 1865, the plaintiff and his wife, for the consideration of ten thousand dollars, sold and conveyed the premises to Mary A. Look, and that she took, and now has, and ever since has had, possession of the premises.

The object of this plea was, to bring up the question of the plaintiff's right to sue at all upon the covenant. It is not averred in the plea, that plaintiff conveyed by quitclaim, and we will intend, in the absence of such an averment, that it was by warranty ; nor does it aver that appellee conveyed to Look before the breach occurred. If the land was conveyed before the breach, then Look became the assignee of appellant's covenant, and she alone could sue. If the conveyance to her was after such breach, then it was competent for appellee, to protect the title he had warranted, and to prevent her eviction, to purchase in Hardin's title, so as to bring himself within the rule, that to recover of his covenantor he must first satisfy his own covenant, so that the first covenantor shall not be twice charged. Appellee satisfied his covenant with Look by the purchase of the Hardin title, and consequently he had this action against his covenantor, there being no other person who could maintain it. 3 Wash. on real property, 402, sec. 21, 22.

That the demurrer should not have been carried back to the declaration, is settled, from the state of the pleadings, by several decisions of this court. There had been a general demurrer to the declaration which was overruled, and, thereafter, all the material allegations were traversed by the pleas of *non est factum* and *non infregit conventionem*, and by special pleas.

In *Brawner* v. *Lomax et al.* 23 Ill. 496, it was held, after a demurrer has been overruled and the general issue pleaded, a demurrer to a defective plea cannot be carried back to the declaration. The general issue disposes of the demurrer, and of matters to be reached by it, in every subsequent stage of the proceedings. The same was held in *Wear* v. *The Jacksonville & Savannah R. R. Co.* 24 ib. 593. This doctrine was again examined in the case of *Wilson* v. *Myrick*, 26 ib. 34, where it was said, we have reconsidered the decision, in the above cases, and in the light of the decisions to which we were referred, holding a different rule, and it was said we were prepared to-adhere to the rule laid down in those cases, as being well supported by authority and most consistent with the philosophy of pleading. As a party can not plead in bar and demur at the same time to the same matter, the reasoning of those cases applies with equal force in this case. The twelfth plea sets up an accord and satisfaction of this covenant, by Andrew and William Claycomb to and with appellant, without averring when it was had, and while they were the owners of the premises and before they had parted with their title to appellee, and that he had notice of it when he purchased. A release or a satisfaction, after they had conveyed to appellee, would be of no force.

There is no point made on the rulings upon the thirteenth plea, and we therefore pass it by without remark. The stress of the controversy was upon appellant's liability upon his covenant of warranty. On that we do not entertain a doubt, and affirm the judgment.

*Judgment affirmed.*