# JOSEPH BOHMANN
## v.
## CITY OF CHICAGO.

PRACTICE.—Where, in an action at common law for injuries caused by raising the grade of a street, the defendant pleaded the general issue, and a jury was impaneled to try the issues between the parties, and the plaintiff introduced his evidence tending, in part, to prove his cause of action, and rested his cause, and defendant then moved to exclude plaintiff's evidence and discharge the jury, and plaintiff asked leave to introduce further evidence, it was error for the court, after granting the former motion and overruling the latter, against plaintiff's objection, to find the issues for the defendant and render final judgment.

APPEAL from the Superior Court of Cook county; the Hon. KIRK HAWES, Judge, presiding. Opinion filed May 20, 1884.

Mr. Arno Voss and Messrs. Bean & Cooke, for appellant; that it was error for the court, after striking out all the evidence and discharging the jury, to find the issues for the defendant, cited Deshler v. Beers, 32 Ill. 368; Smith v. Gillett, 50 Ill. 291; Hutt v. Bruckman, 55 Ill. 441; Merricks v. Davis, 65 Ill. 319; Crowley v. Crowley, 80 Ill. 469; Guerdon v. Corbett, 87 Ill. 272; Seely v. Pelton, 63 Ill. 101; Holmes v. C. & A. R. R. Co., 94 Ill. 439.

Mr. Julius S. Grinnell, for appellee.

McAllister, P. J. This was an action at common law, brought by Bohmann against the city of Chicago, to recover damages for an alleged injury to his premises, consequent upon the raising the grade upon Lincoln avenue, upon which plaintiff's premises abutted. The case came on for trial under the plea of not guilty, and a jury was impaneled to try the issues thus formed. After the plaintiff had introduced his evidence, tending in part at least to prove his cause of action, he rested his cause. Whereupon the defendant's counsel moved the court to exclude the plaintiff's evidence and discharge the jury. The plaintiff's counsel thereupon asked leave to introduce further testimony. This last motion the court overruled, but granted the motion of defendant's counsel, excluded plaintiff's evidence and discharged the jury; and the jury being discharged, the court, without plaintiff's consent and against his objections, found the issues for the defendant and rendered final judgment in its favor. To all which the proper exception was taken by plaintiff, who brings the case here for revision.

We are of opinion that there is no warrant in law for such a course of procedure. The case being at common law, both parties had a constitutional right to a trial by jury, which could be waived only by mutual consent. Ware v. Nottinger, 35 Ill. 375. Where a plaintiff, at the trial, finds himself wanting in evidence to prove some necessary element of his case, and such predicament is the result of innocent mistake, surprise, or of fraud on the part of the defendant, the court

may, in its discretion, allow the plaintiff to withdraw a juror, which operates to discharge the jury without nonsuiting the plaintiff, and carries the case over to another term. Schofield v. Settley, 31 Ill. 515, and cases there cited.

In the case before us, the plaintiff's counsel, instead of asking leave to withdraw a juror, applied for leave to introduce further testimony. This was denied. But defendant's counsel having made, pressed the motion to exclude from the jury all of plaintiff's evidence, and to discharge the jury. That motion was allowed.

While such a practice is wholly without precedent, so far as our knowledge of practice goes, yet it is not difficult to prescribe as to its legal effect. Such a motion can be regarded only as an expressed consent, on the part of the defendant, to the withdrawal of a juror by the plaintiff, and that the cause might stand continued to another term, and when allowed by the court, no other effect could legally be attributed to it. The defendant having so consented, the court could not properly even give judgment as in case of nonsuit.

It was held in Chandler v. Bicknell, 5 Cowen, 30, that where the plaintiff was allowed to withdraw a juror, against the consent of the defendant, the latter was entitled to move for judgment as in case of nonsuit. That however, is not allowable under our practice. In Schofield v. Settley, *supra*, the court say: "The practical effect of withdrawing a juror, in our practice, is not that it shall operate as a nonsuit, but merely to carry the cause over to another term." When a juror is withdrawn by consent of defendant, he is not even entitled to costs. Stodhart v. Johnson, 3 Term R. 657. So, as we have seen, the defendant by its consent to the discharge of the jury was thereby precluded from moving even for judgment, as in case of nonsuit, or claiming costs of the trial; but notwithstanding that, the court below, after such discharge of the jury, assumed the function of finding the issues for the defendant, and thereupon rendered a final judgment, in bar of any other suit by plaintiff for the same cause of action, and for full costs, against him. To hold that such a procedure is allowable, is but saying that trial judges may alter in

· their discretion, not only well settled common law rules, but those prescribed by the higher law of the constitution of the State. The judgment of the court below will be reversed and the cause remanded.

Judgment reversed.