W. IRVING CULVER *et al.*

*v.*

WILLIAM H. COLEHOUR.

*Filed at Ottawa January 25, 1886.*

1. PRACTICE—*postponement of trial on account of attendance of counsel in another court.* A requirement that to obtain a postponement of the hearing of a cause on the day set for that purpose, on account of the attendance of counsel in another court, it is not sufficient to show that the attorney in the case was expecting a case to be called in another court, but that it must be shown that he was at the time actually engaged in the trial of the other case, is a most reasonable one.

2. So where a case was set for hearing two months in advance, without objection, and on the day so fixed, a defendant, an attorney in the case, being absent and in attendance upon the United States Circuit Court, to resist a motion for an injunction expected to come up for hearing in that court, and the cause being postponed for several times, and he was absent when it was heard, and it appeared that he had ample time in which to make arrangements for other counsel in the one case or the other, but did not, it was *held,* no error to hear the case in the State court in his absence, and to refuse a motion for a rehearing.

3. RIGHT OF TRIAL BY JURY—*on petition to restore lost record.* On a proceeding under the statute to restore a part of a lost record, the defendant is not entitled to a trial by jury, it not being a case in which the right to such a trial existed at common law.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

On the 30th of November, 1875, in a suit then pending in the Superior Court of Cook county, wherein the Mechanics' National Bank of Chicago was plaintiff, and Charles W. Colehour and William H. Colehour were defendants, an order of court was entered of record reciting due personal service of summons in said cause upon the defendants, more than ten days before the November term, 1875, of the court, entering their default, and referring the cause to the clerk to assess

the plaintiff's damages at a future day. On the 6th of December, 1875, the damages having been assessed at $2265.50, the court rendered judgment therefor, and for costs of suit. Execution was afterwards issued upon the judgment, and subsequently an *alias* execution was issued thereon, and levied upon certain lots in the city of Chicago, then owned by William H. Colehour. These lots were sold, by virtue of this levy, to the Mechanics' National Bank of Chicago, in satisfaction of the judgment. A sheriff's deed was executed to the bank, by virtue of the sale, after the lapse of the requisite time, and the property has since passed, by *mesne* conveyances, to W. Irving Culver.

On the 16th of April, 1884, William H. Colehour filed in the Superior Court of Cook county his petition in the cause, making W. Irving Culver and the Mechanics' National Bank of Chicago defendants thereto, in which he alleges that he is one of the defendants in the cause entitled *Mechanics' National Bank of Chicago* v. *Charles W. and William H. Colehour*, in which judgment was rendered against both defendants on December 6, 1875; that the summons served on the defendants therein, with the return of the sheriff thereupon, upon which the order of default and the judgment were based, have been lost or destroyed; that in 1878 Charles J. Johnson, an attorney employed by petitioners, advised him to procure copies of all papers in said cause; that, assisted by Jacob Brewer, he made such copies, and that the following is a copy of said summons and of the return thereon, to-wit:

"STATE OF ILLINOIS, } ss.
    *Cook County.* }

"*The People of the State of Illinois, to the sheriff of said county, greeting:*

"We again command you that you summon Charles H. Colehour and William H. Colehour, if they shall be found in your county, personally to be and appear before the Superior Court of Cook county, on the first day of the term thereof,

to be holden at the court house in the city of Chicago, in said Cook county, on the first Monday of October next, to answer unto the Mechanics' National Bank in a plea of trespass on the case upon promises, to the damage of the said plaintiff, as it is said, in the sum of $4000. And have you then and there this writ, with an indorsement thereon, in what manner you shall have executed the same.

"Witness, Alexander F. Stevenson, clerk of our said court, and the seal thereof, at Chicago aforesaid, this 6th day of October, A. D. 1875.

A. F. STEVENSON, *Clerk.*"

[Seal of Superior Court.]

Indorsed:

"Served this writ on the within named defendants by reading the same to each of them, the 16th day of October, 1875.

FRANCIS AGNEW, *Sheriff.*

By T. H. Smith, Deputy."

That at the time petitioners made such copies, said summons was among the papers and files of said cause, in the custody of the clerk of the court; that said summons is the only summons in the cause ever served on the petitioners; that the loss of the summons and indorsement was without the fault or neglect of the petitioners, and that such loss will result in damage to the petitioners. The prayer is that the court make an order reciting what was the substance and effect of said summons and indorsement, and the filing of the same, pursuant to chapter 116, section 2, of the Revised Statutes of 1874.

Answers were filed putting in issue the allegations respecting the summons and return as copied, denying that the summons was returnable on the first Monday of October next after its issue, but alleging that it was returnable on the first Monday of November next after its issue, and insisting that the recital of the record, as to due service, etc., was correct. The answer of Culver was verified by his affidavit, and he therein states the fact to be, upon his own absolute recollection and knowl-

edge, that the recitals of the records of the court as to due service of summons, are true in fact and in every respect, and that after such service the petitioners solicited a delay of a few days in entering judgment, promising to pay, or settle, or secure the amount sued for, and that, accordingly, delay in entering the judgment was granted until the 6th of December, 1875. He interposed the defence of *laches*, and alleged that during the long lapse of time intervening the rendering of the judgment and the filing of the petition, the petitioners never claimed to have not been served with proper process, etc. The cause was heard on the 24th of June, A. D. 1884, and the court decreed as prayed in the petition. On the 26th of June, A. D. 1884, the bank and Culver moved the court to vacate and set aside the decree of the 24th, and to allow them a rehearing. This motion was denied by the court. On appeal to the Appellate Court for the First District, the decree of the Superior Court was affirmed. This appeal is from that judgment of affirmance.

Messrs. McCAGG & CULVER, for the appellant.

Mr. EDWARD ROBY, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The ground upon which the motion to vacate and set aside the decree of the 24th of June was based, was an oral statement made in court by Culver, and by agreement of parties accepted as his affidavit, to the effect that he was not present at the hearing because of his actual and necessary engagement at the Circuit Court of the United States, at the same time, in arguing and resisting an application by the United States of America for an injunction against the Chicago ball club and the city of Chicago.

The bill of exceptions shows that on the 16th of April, A. D. 1884, Culver being present in court at the time, the court set this cause down for hearing on Monday morning,

June 23, A. D. 1884, on witnesses then to be examined and cross-examined in open court. At the time thus set for hearing, the petitioner announced to the court his readiness to proceed, but Culver was not present, and on a representation being made by his clerk to the court that he was then actually engaged in an argument of a motion for an injunction in the Circuit Court of the United States, the court announced that, inasmuch as the argument for an injunction in the United States Court could not continue through the entire day, the case would then be passed, another case be taken up for trial, and this case be again called after the termination of that trial, and the court gave notice that, inasmuch as the judge could not watch the progress of trials in the United States Circuit Court, it would be necessary for some one representing Culver, to be constantly present in court if any further postponement should be desired. After the noon recess, the law partner of Culver appeared in court and represented to the court that although Culver had not, up to that time, been actually engaged in the United States Circuit Court, yet that he had been employed to resist an application by the United States of America for an injunction against the Chicago ball club and the city of Chicago, which application he had been notified would be made on that day, and it was expected to be heard by the court as soon as the court should dispose of pending motions in other cases. The counsel for the petitioners then informed the court that he had been twice in the United States Circuit Court during the day, and left there at fifteen minutes before two; that then the judge was only about half through with his motions, and it was not probable that Culver's case would be reached that afternoon; that the witnesses for the petitioner were all present; that having come fourteen miles, and one of them being a justice of the peace, having public duties to perform at his office, it would be very inconvenient and burdensome to keep them there for the day. The law partner of Culver informed

the court that the case in the United States Circuit Court was more important to the clients of Culver than this case was to Culver, and that he would not be present in the court during that afternoon. The court thereupon announced that the case would be taken up on the next morning (Tuesday, June 24, A. D. 1884;) after concluding the trial that was then pending, and that if Culver should then desire a further postponement of the hearing on account of his actual engagement in the trial of his motion before the United States Circuit Court, it would be necessary for him to have some one present in court when the case should be called, to notify the court of that fact; that it would not be enough that he was expecting his motion to come up,—the case could not be postponed except·for actual engagement in the matter of the motion.   On the next morning (June 24, A. D. 1884,) Culver's clerk appeared in open court and moved for a postponement of the case for reasons alleged in the affidavit of Culver then filed.   This affidavit merely stated that he would be in attendance in the United States Court during that day, to resist the application for injunction, and that the judge of that court had, on the day before, announced that that application would on that morning have precedence of all other cases.   The court adjudged the affidavit insufficient, but announced that there was another matter which would require its attention for a while, and that when that should be concluded this case would be taken up, and if Culver then desired a further postponement of the hearing, it would be necessary for him to have some one present to show to the court that he was then actually engaged in the matter of his motion in the United States Circuit Court.   The matter then occupying the attention of the court was not disposed of until the noon recess.   At that time the court announced that this case would be the first to be taken up at the expiration of that recess,—at two o'clock P. M.   At that hour the case was called, the judge inquiring in loud and distinct tones, which

were heard all over the court room, whether any one was present representing Culver, and no one answering. The trial had progressed about twelve minutes when a statement was made to the court that Culver was then actually engaged in the matter of his motion before the United States Circuit Court, and, soon after, this was confirmed by a statement of Culver's clerk, made in open court, but the court proceeded with the trial.

It is impossible to perceive any abuse of the discretion vested in the court in this action. The requirement that to obtain a postponement of the hearing it was not sufficient to show merely that the attorney was expecting a case to be called, but that it must be shown that he was, at the time, actually engaged, was most reasonable. If the mere expectation were held sufficient, then it would be often entirely within the discretion of the attorney whether he would, at a given time, try a case in the Superior Court or not, for the word "expectation" implies such indefiniteness and want of precise limitations, that in most cases it would be difficult, and in many impossible, to raise an issue upon an application of that kind. Had Culver employed some one to look after his case in the United States Court, he might easily have tried this case before that was reached. The petitioner and his witnesses ought not to be put to inconvenience or expense merely that Culver might earn a fee in another case, or, if his presence in that case was indispensable to prevent irreparable loss to his clients, he ought to have made arrangements in advance for some one to represent him in this case. He knew from the 16th of April, more than two months before the day set for the hearing, when this hearing was to occur. How long before that time he knew that the application for an injunction would be made on the same day, does not appear, but we may assume, for the contrary was not shown, that it was in ample time to have made arrangements for other counsel in one case or the other, or to have made some

arrangement whereby the one case or the other should be postponed to avoid a conflict in the hearing. Cases brought in the Superior Court are as much entitled to a speedy trial as those brought in the United States Circuit Court, and the rule adopted and enforced in this case in the former court, if reciprocated in the lower court, is probably the fairest to counsel practicing in both courts that can be devised; but even if it be not reciprocated, no principle of justice to suitors in the Superior Court will admit of a more onerous rule upon them.

This case is not analogous to *Hearson* v. *Graudine,* 87 Ill. 115, to which we are referred in the argument of counsel. That case was decided on a rule of court read in evidence, which does not here appear to have been given in evidence. But even if it had been, in that case it was shown the defendant had a meritorious defence, and that he was guilty of no fault in the delay sought, whereas, here it is not shown that the defendant has proof to overcome the evidence in respect to the summons given in evidence on the hearing, or that a different result must be reached upon another hearing, nor do we think that he has shown reasonable diligence to be present at the hearing.

An objection is urged, based upon *Archer* v. *Spillman,* 1 Scam. 553, *Ware* v. *Nottinger,* 35 Ill. 375, and *Hermann* v. *Pardrige,* 79 id. 471, that the Superior Court erred in proceeding with the hearing without calling a jury. The right of trial by jury recognized in those cases is as it existed at common law. This is not a common law proceeding, but a proceeding under chapter 116 of the Revised Statutes of 1874, and a jury trial is neither contemplated by it nor indispensable to the relief here decreed. *Petition of Ferrier,* 103 Ill. 367; *Ward* v. *Farwell et al.* 97 id. 593; *Heacock* v. *Hosmer,* 109 id. 245.

The judgment is affirmed.

*Judgment affirmed.*