Vanmeter's Heirs *v.* Love's Heirs.

## VANMETER'S HEIRS
*v.*
## LOVE'S HEIRS.

1.  HEIRS — DECREE — *should be against them jointly, not severally.* Where several defendants in chancery are found to be liable as heirs for the debt of their ancestor, the decree should not be against them severally, but jointly for the whole amount.

2.  HEIRS — *extent of their liability for debts of ancestor.* The liability of heirs for the debts of their ancestor, both at law and in equity, is to the extent of the full amount which came to them by descent.

3.  But it seems, an heir should not be made liable beyond the amount he has thus received. So, in entering a decree in the Supreme Court against several heirs, for the debt of their ancestor, the court directed that neither of them should be subjected to a greater liability than to the extent of the amount which came to him by descent.

WRIT OF ERROR to the Circuit Court of Greene county; the Hon. D. M. WOODSON, Judge, presiding.

This is a suit in chancery, instituted in the Circuit Court by the heirs-at-law of Joseph Vanmeter, deceased, against the administrator and heirs of John Love, deceased.

It appears from the record, that John Love, in his lifetime, was guardian of the heirs of Vanmeter, and in that capacity received large sums of money, belonging to his wards, which he never accounted for. The object of the suit was to compel the heirs of Love to render an account of the moneys received by him as such guardian, and to pay the same over to the complainants.

It is alleged that the defendants, children and heirs of Love,

received of the personal estate of their father, the sum of five thousand dollars, an amount exceeding that claimed by the complainants, and which is still in their hands.

The court below, upon a hearing of the cause, found to be due to the complainants, in certain specified proportions, the sum of $212.59; that there had been distributed among the heirs-at-law of Love, five in number, of the personal estate of their father, the sum of $700 each; and the court decreed that the complainants, "according to the aforesaid interests and proportions, have, recover and receive the aforesaid sums of money, with six per cent. interest thereon from," &c., "as also their costs in this case, and from the above named defendants, individually and severally, as follows, to wit," each one-fifth, "and that complainants accordingly have several executions, as aforesaid, against said defendants."

The complainants bring the cause to this court upon writ of error, and insist the decree is erroneous because it is several against the defendants, whereas it should have been against them jointly for the whole amount.

Messrs. D. A. and T. W. SMITH, for the plaintiffs in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

The decree in this case, instead of being several against the defendants should have been joint for the whole debt proved to be due the heirs of Vanmeter. The liability of Love's heirs for the debts of their ancestor, both in law and in equity, is to the extent of the full amount which came to them by descent. The decree should have been against them jointly for the whole amount, otherwise, if any one of the heirs be insolvent, the heirs of Vanmeter would lose the amount decreed against such insolvent. *Cogwell's Heirs* v. *Lyon*, 3 J. J. Marshall, 39.

The data being before us by which a proper decree can be entered, we will direct that the decree of the Circuit Court be reversed, and the following decree entered in the cause. This court being satisfied in the premises, considers and adjudges that the defendants are indebted to the plaintiffs as follows: To Etna

J. Vanmeter, Isaac J. Vanmeter, and Martha J. Vanmeter, the sum of one hundred and thirty-eight $\frac{32}{100}$ dollars; to Isaac Vanmeter, one hundred and three $\frac{7}{100}$ dollars; to Amasa Vanmeter, sixty-nine $\frac{02}{100}$ dollars; and to John Vanmeter, thirty-nine $\frac{90}{100}$ dollars; amounting in all to the sum of three hundred and fifty-one $\frac{41}{100}$ dollars. It is therefore ordered, adjudged and decreed by the court, that the said plaintiffs have and recover from the said defendants, heirs-at-law of John Love, the said sum of money with six per cent. per annum interest thereon from the 27th of November, 1861, as also their costs, both in this court and in the court below, provided, however, that neither of the said defendants, heirs-at-law as aforesaid, be subjected to a greater liability in this case than to the extent of nine hundred and ninety-eight dollars.

*Decree reversed.*