## GEORGE OWEN
### *v.*
## WILLIAM THOMAS.

1. EVIDENCE — *proof of execution of a deed by parol evidence.* Oral testimony being admitted to prove the contents of a deed, a witness testified that at a certain date, he, as agent of the grantors in the deed, who were trustees of the Bank of the United States of Pennsylvania, sold the premises to the grantee. That subsequently he delivered a deed of a given date for the land, purporting to convey the fee simple title, properly acknowledged. That the party to whom he sold the premises took possession, and cut a considerable quantity of timber thereon. It was *held*, the execution of the deed was not sufficiently proven. The witness gave the date of the instrument, but failed to state by whom it was signed as grantors; whether they signed it in proper person or by attorney, or whether it was in their handwriting, or even that he knew their signatures. This, at least, should have been shown, to establish the fact that it was a valid, operative instrument. Nor was the opinion of the witness, that the deed purported to convey a fee simple title, sufficient to dispense with other evidence of its validity.

2. BURTHEN OF PROOF. In an action of covenant for an alleged breach of a covenant of general warranty, the breach was alleged to consist in the inability of the plaintiff to obtain possession by reason of an outstanding paramount title in a third person. The defendant pleaded that the paramount title was not in such third person, but was in himself, and was effectually conveyed by his deed to the plaintiff. *Held*, the defendant, by his plea, took upon himself the burthen of proof, that he conveyed the fee simple title to the plaintiff.

3. COVENANT — *action of, for breach of warranty — when it will lie.* When a grantee in a deed containing a covenant of general warranty, has taken possession, he cannot maintain an action for a breach of such covenant, until evicted by legal proceedings, or until he may yield to a paramount title.

AGREED CASE certified from the Circuit Court of Morgan county.

William Thomas instituted his action of covenant in the court below, against George Owen, to recover damages for the alleged breach of a covenant of general warranty contained in a deed of conveyance of land, executed and delivered by Owen and wife to Thomas. The pleadings in the cause, and so much of the evidence as is necessary to an understanding of the questions involved, will be found in the opinion of the court.

The principal question presented is as to the character and degree of search required to find an original deed, to admit secondary evidence of its contents ; and herein, also, as to what proof of the contents of a lost deed will be deemed sufficient.

Messrs. D. A. & T. W. SMITH, for the plaintiff in error.

*The rule of evidence is, that any litigant must prove his case by the best accessible evidence,* and this we maintain the defendant has done, according to the authority of the following, among many other cases :

"Reasonable diligence is all that is required in searching for a paper, to admit secondary evidence of its contents." *Spaulding* v. *Bank of, &c.,* 7 Barr, 28.

"A deed is valid without being acknowledged or recorded, and may be proven by parol." 2 Scam. 316, 373.

"If the non-production of a written instrument is satisfactorily accounted for, evidence of its existence and contents is admissible." *U. S.* v. *Rayburn,* 6 Pet. 352 ; 7 id. 99. "Papers destroyed by fire, contents may be shown by parol." "Secondary evidence of the contents of a writing *not in the control of a party,* is admissible." *Denton* v. *Hill,* 4 Hayw. 73 ; *Sterling* v. *Potts,* 2 South. 773 ; *Boynton* v. *Rees,* 8 Pick. 329 ; *U. S.* v. *Porter,* 3 Day, 283 ; *Cook* v. *Wood,* 1 McCord, 139.

"Proof of contents of a lost paper should be the best that a party has in his power to produce, and, at all events, such as to leave no reasonable doubt as to the substantial parts of the paper. *This is sufficient.*" 9 Wheat. 581.

"An original paper in the hands of a person who cannot be reached by process of court, so as to compel its production, may be proved by parol." *Ralph* v. *Brown*, 3 Watts & Serg. 395.

"When an unrecorded deed has been lost or destroyed, parol evidence of its contents may be given to support a title under it; and the question of loss or destruction is for the court to decide." *Blackburn* v. *Blackburn*, 8 How. (Miss.) 81. "The courts extend great liberality in cases of lost instruments, in regard to search therefor. 3 Ala. 662.

"Evidence of the loss of an instrument, in order to entitle the party to give secondary evidence of its contents, is sufficient, if it show that he has done all that could be reasonably expected of him under the circumstances of the case, in searching for such instrument." *Kelsey* v. *Hamner*, 18 Conn. 311. "Where a writing is executed to a third party who resides out of the State, it is competent, after proof of its execution and delivery, to give evidence of its contents." *Walker* v. *Crolle*, 8 B. Mon. 11.

"Witness, to prove the contents of lost instrument, may state substance without giving exact words." 8 Cush. 210.

"To lay a foundation for the introduction of secondary evidence, either the primary evidence must be beyond the reach of the party, so that any search would be unavailing, or search must be made." *Wade* v. *Work*, 13 Texas, 482.

"Parol evidence is admissible to show the contents of a paper beyond the jurisdiction of the court." *Brown* v. *Wood*, 19 Miss. (4 Bennett) 475.

"A party is not compelled to take a *dedimus* and travel out of the State for the best evidence, but may introduce the best which is within the State." *Ford* v. *Hale*, 1 Monr. 23.

Mr. WILLIAM THOMAS, *pro se.*

*First.* The general proposition that the execution and contents of a lost deed may be proven by parol, need not be controverted in this case, because the judgment would not supply the place of the deed, nor be evidence in an action to recover the land of its execution or contents. In an action of ejectment, the judgment would prove the right to the land, and supply the place

Owen *v.* Thomas.

of the lost deed against the grantor; but a judgment in this case, in favor of plaintiff in error, would not be admitted as evidence against his grantor, nor, if admitted, would it prove that a deed had been executed and lost.

*Second.* The plaintiff in error admits, by his mode of proceeding, that he is bound by his plea to prove his title in fee simple to the land intended to be conveyed, and that to do this, the highest and best evidence is required. He therefore presents his affidavit to prove that original title papers are not in his possession or power, and asks that secondary evidence may be admitted. The patent from the United States is declared by statute to be a better legal and paramount title than the certificate of purchase; yet no reason was given for not producing the original patent, or a certified copy. Revised Laws of 1845, p. 233.

*Third.* The plaintiff proposed to prove the execution of a lost deed by a witness — not a subscribing witness, nor a witness who had ever seen the grantors write, or who was acquainted with their handwriting, without stating in his affidavit or proving that there was no subscribing witness; which was objected to by defendant. The testimony was heard subject to the opinion of the court as to its admissibility, admitting the right to prove the facts by parol under any state of case that might be presented. The evidence was not admissible upon the facts before the court. 1 Stark. 320, also 436, under the head "Quality of Evidence," *Abbott* v. *Plumb,* Doug. 215; *Norris* v. *Peak,* 146; *Cumliffe* v. *Seaton,* 2 East, 186; *Call* v. *Denning,* 4 id., 54; *Barns* v. *Tromponsti,* 7 Durnf. & East, 261; *Willoughby* v. *Carlton,* 9 Johns. 1836; 1 Greenl. § 572.

*Fourth.* If it be admitted (which is not) that the party had the right to prove the execution of the deed by parol, still the evidence introduced was not sufficient, because, 1st. The witness introduced was not a subscribing witness; 2d. He had never seen the grantors write, was not acquainted with their handwriting, and, of course, could not swear to their signatures; 3d. He did not pretend to state anything about the contents of the paper which he called a deed. His statement that a deed was

transmitted to him by mail, which he delivered to the grantee, purporting to convey the land, &c., was but a matter of opinion in regard to the contents of the paper. If he had stated the contents of the paper received and delivered, it would have been the province of the court to decide whether or not it was a deed, and whether or not a title in fee was conveyed; 4th. The statement of the witness, that the execution of the deed had been regularly acknowledged, was also matter of opinion, and not a fact which he could swear to. If evidence of acknowledgment was necessary, the witness should have stated the facts certified to, and not his conclusions or opinions. *Rankin* v. *Crow*, 19 Ill. 626.

*Fifth.* To make a valid deed, a writing must not only be signed, but must be sealed; for if it have no seal it is no deed. 1 Bouv. Inst. 334. The evidence in relation to the deed does not show that there was a seal.

*Sixth.* To sustain the plea, the plaintiff in error should have shown such a title as would enable the defendant to recover the land in an action of ejectment, without being compelled to hunt for testimony outside of the record, or of written testimony. If Owen had been bound to execute a deed conveying the title in fee, and the grantee had refused to accept this deed, because of the loss or non-production of the deed to Rafferty, no court would have compelled him to accept it until Owen had supplied the lost link in the chain of title. Upon the question of the necessity of producing the subscribing witness, see Starkie, 441, " the effect of the rule," &c. Upon the question of the " best attainable evidence," 1 Starkie, 437; Norris' Peake, 146.

*Seventh.* Land can only be conveyed by deed in writing, signed, sealed and delivered. 2 Bouv. Inst. 384–386, and the plaintiff in error should be compelled to produce evidence accessible to defendant, proving a conveyance. The defendant should not be compelled to resort to a court to perpetuate the existence of evidence of title, before he can recover possession of the land.

*Eighth.* The plaintiff in error, by his deed, covenants that he is the owner of the land in fee, and he, and not the defendant, should be required to supply all defects of title; he, and not

the defendant, should risk the sufficiency of the parol testimony
to secure the written evidence necessary to support his title.

*Ninth.*   A judgment in favor of plaintiff in error would place
the risk and cost of securing written evidence of title on defend-
ant, who might find on trial the witness dead, or absent, or the
court differing in opinion with the witness in regard to the paper
called a deed, and, at the end of his suit, be in no better con-
dition than when he commenced, but minus a bill of cost.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the
Court:

This was an action of covenant, on a deed containing cove-
nants for title, for a quarter section of land.   The breaches
assigned are, that defendant and his wife neither had title to the
land attempted to be conveyed; that at the time the deed was
made the legal title was in James Robertson and others, whose
title and right to possession was superior and paramount to that
conveyed by defendant, and that plaintiff could not obtain pos-
session of the land.   Defendant filed a plea that, at the time the
conveyance was made, the fee simple was not in any of the per-
sons named in the declaration, but was in the defendant, and that
he and his wife had well, truly and effectually conveyed the
same to plaintiff.   On this plea issue was joined, and a trial was
had, resulting in a judgment in favor of plaintiff below, to reverse
which, defendant below brings the case to this court, and assigns
various errors.

The whole controversy in this case arises upon the proof of
the loss and contents of a deed alleged to have been executed by
James Robertson and others to one Joseph Rafferty.   It appears
from the evidence that the son of the defendant below on two
different occasions went to Carlinville and made search in the
recorder's office for the deed or its entry upon the record, but
was unable to find it.   He also saw the father-in-law and brother-
in-law of Rafferty, from whom he learned that Rafferty had gone
south, and was at one time in the southern army, but whether
he was alive they were not informed.   Plaintiff in error filed an
affidavit in which he states substantially the same facts in refer-

ence to the search for the deed as testified to by his son, and that there are no means known to him by which the deed or a certified copy of the record of the same can be adduced in evidence on the trial. On this preliminary evidence of the search, Chestnut was admitted as a witness and permitted to testify in reference to the contents of the deed. He stated that previous to the 21st of May, 1853, he, as agent of Robertson and the other grantors named in the deed, sold the premises to Rafferty; that subsequently he delivered a deed of that date for the land, purporting to convey the fee simple title, properly acknowledged; that Camp, Robertson, Boyd, Newbold and Taylor were trustees of the United States Bank of Pennsylvania; that Rafferty took possession of the land, and cut a considerable quantity of timber on the same.

Does this evidence show sufficient search for the deed? It seems to be abundantly proved that it was not recorded in the proper office. But beyond this no other search was made. It is true, that the father-in-law and brother-in-law were seen, and inquiry was made of them as to where Rafferty might be found. But upon learning that he was in Texas, no further effort was made to communicate with him and to procure the deed, or obtain information as to where it could be found. It is true that owing to the insurrectionary condition of Texas a messenger could not have gone to him.

Even if this shows a proper search, to authorize the introduction of oral evidence of the contents of the deed, its execution is not sufficiently proved. The witness gives the date of the instrument, but fails to state by whom it was signed as grantors, whether they signed it in person or by attorney, or whether it was in their handwriting, or even that he knew their signatures. This, at least, must be shown to establish the fact that it was a valid, operative instrument. And in this case that fact does not appear. Nor is his opinion that it purported to convey a fee simple title sufficient to dispense with other evidence of its validity.

Plaintiff in error conveyed with a covenant of warranty, and by his plea, he took upon himself the burthen of proof, that he

conveyed the fee simple title to defendant in error. By failing to produce, or prove the contents of the deed from the trustees of the bank to Rafferty, his grantor, he has failed to sustain his plea, and to show that he has answered his covenant. If defendant in error were compelled to prosecute or defend his title, we think the evidence in reference to this deed would be insufficient to establish title in him. Plaintiff in error has not kept and performed his covenant unless he has conveyed such a title as will hold the property.

If the grantee had been in possession, until evicted by legal proceedings, or until he might yield to a paramount title, this action could not be maintained. There is no plea denying the averment in the declaration that defendant was unable to obtain possession by reason of the insufficiency of the title, and that he was not in possession. Nor does the evidence show any possession. The issue was made and tried whether plaintiff in error had conveyed the title to the land by his deed to defendant in error. No error is perceived in this record, and the judgment of the court below is affirmed.

*Judgment affirmed.*