## CHARLES O. BOYNTON

*v.*

## ALBERT ROBB *et al.*

1. ALLEGATIONS AND PROOFS — *the rule where the matter is alleged in an inducement.* Every allegation in an inducement in a declaration, which is material, and not impertinent and foreign to the cause, and which cannot be rejected as surplusage, must be proved as laid.

2. So, in a declaration in debt on an injunction bond, the judgment which had been enjoined was alleged in the inducement to have been rendered for $259.75, and the record of the judgment given in evidence was for $249.75. *Nul tiel record* being pleaded, the variance was fatal. The recital of the judgment in the declaration was both pertinent and germane to the cause, and could not be rejected as surplusage.

APPEAL from the Circuit Court of De Kalb county; the Hon. T. D. MURPHY, Judge, presiding.

This was an action of debt brought in the court below by Albert G. Robb, John H. Ball and William Phelps, for the use of George L. Wood, against Hiram E. Whitney, Charles O. Boynton and George Walrod.

The action was upon an injunction bond executed by the defendant Whitney, as principal, and Boynton and Walrod as his securities, upon the granting of an injunction enjoining and restraining the collection of certain judgments which had been obtained by the plaintiff Robb against Whitney.

The judgments which had been enjoined in that proceeding

were described in the declaration as follows : " For that, whereas the said plaintiff, Albert G. Robb, heretofore, to wit, on the 29th day of October, A. D. 1865, by the judgment and consideration of the Circuit Court for the county of Cook, in the State of Illinois, at the October Term of the said court in the year 1855, recovered against the said defendant, Hiram E. Whitney, two certain judgments, one for the sum of two hundred and fifty-nine dollars and seventy-five cents damages and six dollars costs, and the other for the sum of one thousand and fifty-five dollars damages and six dollars costs, upon both which said judgments, afterward, to wit, on the same twenty-ninth day of October, A. D. 1855, writs of execution were duly issued out of said Circuit Court of Cook county, directed to the said William Phelps, who then and there was the sheriff of said county of De Kalb, to execute, commanding him that, of the goods and chattels, lands and tenements and chattels real of said Hiram E. Whitney, he should cause to be made the amount of said several judgments and the costs thereon, and that he return the said writs of execution into the office of the clerk of said Circuit Court within ninety days after the date thereof, which said executions were then and there delivered to the said William Phelps, sheriff as aforesaid, upon which said executions, he, the said William Phelps, sheriff as aforesaid, proceeded to levy, and did levy, upon property of the said Hiram E. Whitney, sufficient to satisfy both said executions, and afterward, to wit, on or about the ninth day of February, A. D. 1856, the said Hiram E. Whitney, as complainant, filed his bill of complaint in the said Circuit Court of Cook county, on the chancery side thereof, making the said plaintiffs herein defendants thereto, praying, among other things, that said Albert G. Robb, John H. Ball and William Phelps, their agents, attorneys and deputies, be enjoined from proceeding in any manner or form whatever to enforce the collection of said judgments," etc.

Among other pleas, the defendants pleaded *nul tiel record* as to the recoveries in the declaration mentioned. On the trial, the plaintiffs gave in evidence the record of a judgment in favor of Robb against Whitney, corresponding with the first judg-

ment described in the declaration, except that it was for two hundred and *forty*-nine dollars and seventy-five cents.

The issues were found for the plaintiffs, and judgment was entered accordingly. The defendant Boynton thereupon took this appeal. The only question arising on the record, is, whether there was such a variance between the judgment first described in the declaration and that given in evidence as to require a reversal of the judgment.

Mr. GEORGE C. CAMPBELL, for the appellant, contended the averment was material, although it was in an inducement, and should be proved as alleged, citing *Hess* v. *Fox*, 10 Wend. 437; *People* v. *Manhattan*, 9 id. 351; *Leidig* v. *Rawson*, 1 Scam. 272; *Hull* v. *Blaisdell*, 1 id. 332.

Mr. CHARLES KELLUM and Mr. H. B. FOUKE, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

The only error we are enabled to discover in this record is this: The judgment described in the declaration is a judgment for the sum of two hundred and fifty-nine $\frac{75}{100}$ dollars, recovered by Robb against Whitney. The record offered in evidence shows a judgment in favor of Robb against Whitney for the sum of two hundred and *forty*-nine $\frac{75}{100}$ dollars. Though it may be said this was but inducement to the execution of the bond, yet the rule is that every allegation in an inducement which is material, and not impertinent and foreign to the cause, and which cannot be rejected as surplusage, must be proved as alleged. 1 Chitty Pl. 295. The recital of this judgment was both pertinent and germane to the cause, and could not be rejected as surplusage. Being so, it should have been truly stated, and, not having been so stated and proved, the plea of *nul tiel record* being pleaded, the variance is fatal, and the judgment must be reversed and the cause remanded.

*Judgment reversed.*