ALBERT W. RUDD

*v.*

THOMAS WILLIAMS.

1. PLEADING — *of the declaration* — *allegations and proofs must correspond.* Where a plaintiff, by his declaration, claimed a prescriptive right to the use of the water of a certain stream for his mills, and the testimony failed to sustain such claim, — *held*, that he was bound to establish his case, as stated in the declaration, and his failure to do so was fatal to a recovery.

2. PRESCRIPTION — *a right by — what will not be considered.* In such case, where it appears by the proof, that both parties had the right to erect a dam and mill on the stream in question, and the plaintiff's cause of action consisted wholly in the alleged fact that the defendant's dam flows the water back on the plaintiff's mill-wheel, a prescriptive right is not established, and an action for such injury cannot be based upon such right.

3. SAME — *concerning the obligations of parties to each other.* And, under such circumstances, it is the bounden duty of each of the proprietors so to use the water of the stream, as not to injure the other in the use and enjoyment of his property.

WRIT OF ERROR to the Circuit Court of Livingston county; the Hon. CHARLES R. STARR, Judge, presiding.

The facts in this case are fully stated in the opinion.

Mr. J. C. BEATTIE, for the plaintiff in error.

Messrs. PAYSON & PERRY and FLEMING, PILLSBURY & PLUMB, for the defendant in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action on the case, brought in the Livingston Circuit Court by Thomas Williams against Albert W. Rudd, claiming damages for obstructing the free course and use of the water of the Vermilion river, to and from the saw and grist-mill, and wheels for the use of the same, and which plaintiff has had for thirty years, until obstructed by the defendant. In the second count it is alleged, that plaintiff, and those under whom he claims, were possessed of this right to the use of this water, and of the mill and premises, "time, whereof the memory of man runneth not to the contrary."

The obstruction complained of, appears to have been by repairing, by defendant, of an old dam, three miles below plaintiff's dam, and increasing its height some eighteen inches, by which the water was backed up on to the wheel of plaintiff's mill.

Much testimony was heard, and the whole subject of complaint was thoroughly examined. The jury found for the plaintiff,

and assessed the damages at three hundred and thirty-five dollars.

The court overruled a motion for a new trial, and rendered judgment on the verdict, to reverse which, this writ of error is prosecuted.

It will be perceived, the plaintiff below, claimed in both counts of his declaration, a prescriptive right to the use of this water for his saw and grist-mill. There is no proof in the record sustaining this claim; on the contrary, it is shown by all the testimony, that his grist-mill was erected, flumes made for it, and its wheels put in, within the last ten years.

Inasmuch, then, as the plaintiff claimed a prescriptive right, and based his action thereon, he was bound to prove it by legitimate evidence. He was bound to make out his case as he had stated it, failing in which, the verdict should have been for the defendant, and the court should so have instructed the jury.

From the evidence, it clearly appears the plaintiff's cause of action consists wholly in the alleged fact, that defendant's dam flows the water back on to plaintiff's wheel, and to maintain such an action, resort need not be had to prescription.

It is one of the hoary and time honored maxims of the common law, that every man must so use his own property as not to injure another in the use and enjoyment of his property.

From all that appears in this case, both parties had the right to erect a dam and mill on the stream in question, and the plaintiff, who gained no exclusive right by his prior occupancy of his site to the use of the water as it flowed in its natural channel, is bound so to use it as not to injure the servient proprietor lower down the stream, while, at the same time, such proprietor is bound so to construct his dam and works, that the water stopped by them shall not flow back on to the plaintiff's works, or otherwise do him an injury.

This was not the claim of plaintiff as set out in his declaration, and he did not establish his claim as he alleged it. Consequently, a new trial should have been granted, on the principle, that the allegations and proofs must agree.

We refrain from going into an examination of the various questions raised upon the instructions, it being wholly unnecessary, from the view we have felt bound to take of the case, as it is presented by the evidence in the record.

The judgment must be reversed and the cause remanded, with leave to plaintiff below to amend his declaration.

*Judgment reversed.*