## VALINDA B. DUGGER ET AL.

## v.

## DANIEL OGLESBY.

1. EVIDENCE—CERTIFIED COPY OF RECORD.—Our statute expressly provides that, upon the trial of any cause, any party may, by first complying with the provisions of the statute, read in evidence the record of any deed or a transcript of the record thereof, certified by the proper recorder, with like effect as though the original of such deed was produced and read in evidence.

2. RES ADJUDICATA—OUSTER—NOTICE TO GRANTOR.—A judicial determination to which the heirs were not parties, and of which the grantees of their ancestor gave them no notice, does not as to them, establish the fact of a divestiture of title. Where a grantee is ousted under a legal proceeding to which his grantor is not a party, he must give due notice of such proceeding to his grantor, or else, in any subsequent suit against his grantor on the covenants of his deed, he has to show the validity of the title of him by whom he was ousted.

3. COVENANTS OF WARRANTY—SUIT ON—WHAT SHOULD BE SHOWN—EXCEPTION TO RULE.—Under the covenant of general warranty, the covenantee, in order to recover, must show either that he is unable to obtain possession under the title derived from the grantor by reason of a paramount title by which the land is held adversely, or that he has been evicted by a paramount title outstanding at the time of the execution of the deed. This

rule is however subject to exception in a case where the covenantor by his prior or subsequent acts, defeats the title that he has covenanted to warrant and defend.

4. OUSTER BY MORTGAGEE.—In this State, on the principle that the mortgagee is the owner of the fee, he can maintain ejectment, but where he resorts to a court of equity to foreclose and sell, the purchaser under the decree, without a deed, cannot assert a hostile title to which the plaintiff could rightfully succumb. The plaintiff's title must be defeated by a paramount legal title, under which he could oust the plaintiff. The foreclosure sale, deed and eviction should all be shown in an action against the grantor on his covenants.

5. COVENANT FOR QUIET ENJOYMENT—WARRANTY—SPECIAL BREACH —PROOF—VARIANCE.—In the case of covenants for quiet enjoyment and general warranty, the assignment of a breach must be special, otherwise the covenantee might recover for an eviction occasioned by his own acts. The special breach averred must be the breach proven, otherwise there will be a variance, and in the case of an exception, the plaintiff both by his pleading and proof must bring himself within the exception.

6. SUIT AGAINST HEIR—PROOF OF ASSETS.—The evidence in this case is wholly insufficient to support the findings of the court, because it nowhere shows that property, either real or personal, to any certain value had ever descended or been distributed to the heirs.

7. ACTION AT LAW AGAINST HEIR.—The statute expressly gives the right to maintain against the heir or devisee the same actions which lie against executors or administrators, and to maintain joint actions.

8. PARTIES — JOINING ADMINISTRATOR — WIDOW.—The administrator was necessarily made a party defendant. The assets in his hands are primarily liable for the debts of the deceased, and under the statute suit against the heir without joining the administrator can be had only in two cases—where there is no administration within a year, and where a judgment has already been obtained against the administrator, and there are no personal assets. The widow was properly made a party defendant, she being an heir, at least to the extent of one-third of the personal estate.

9. PRACTICE—FORM OF JUDGMENT.—The judgment, being personal against the widow and children, and against the administrator of assets *quando acciderint*, was erroneous. It should have been *in solido* against the administrator, widow and heirs. The order as to the administrator should have been *quando acciderint*, and the widow and heirs should have been subjected to no greater liability than the value of the estate that descended to them, exclusive of the widow's award, and the court should have ascertained this value.

APPEAL from the Circuit Court of Madison county; the Hon. WM. H. SNYDER, Judge, presiding.

Messrs. GILLESPIE & HAPPY, for appellants; contending that if a purchaser fails to protect himself against incumbrances

by requiring a covenant, it is his own fault, cited Jackson v. Ewing, 17 Ind. 505.

That the claim of Pearce was not a title, nor even an incumbrance: Dobbins v. Brown, 2 Jones, 75; Rawle on Covenants, 232; Ellis v. Welch, 6 Mass. 249; Barley v. Miltenberger, 31 Penn. 37.

Where the covenantor himself does an act asserting title, it constitutes a breach of the covenant for quiet enjoyment: Beebe v. Swartwout, 3 Gilm. 163; Bostwick v. Williams, 36 Ill. 65; Sedgewick v. Hollenbrook, 7 Johns. 380; Brady v. Spurck, 27 Ill. 478; Moore v. Vail, 17 Ill. 185; Claycomb v. Munger, 51 Ill. 373.

Under covenants for quiet enjoyment and general warranty the assignment of breaches must be special by showing an older title: Marston v. Hobbs, 2 Mass. 437; Owen v. Thomas, 33 Ill. 320; Rawle on Covenants for Title, 200; Jones v. Warner, 81 Ill. 343.

The action for breach of covenant of warranty should be brought by him who owned the land when the breach took place: 2 Washburn on Real Property, 713.

The judgment should have been joint against all to the extent of assets descended: Vanmeter v. Love, 33 Ill. 260.

Because appellee might have had the special pleas or the special matter contained in the notice, stricken from the files, but did not do so, is no reason why evidence offered under such pleas or notice should be excluded: Gilmore v. Nowland, 26 Ill. 200; Burgwin v. Babcock, 11 Ill. 28; Hunt v. Weir, 29 Ill. 83.

A party is not estopped to show that no consideration in fact was paid for a deed: Kimball v. Walker, 30 Ill. 482.

Messrs. METCALF & BRADSHAW, for appellee; that Dugger was not an innocent purchaser for value of the property, cited Renfro et al. v. Pearce, 68 Ill. 126.

The heir is liable for the debt of his ancestor, to the extent of the property received from him: Ryan v. Jones, 15 Ill. 1.

An actual eviction is not necessary, but the covenantor or his assigns may yield to a paramount title: McConnell v.

Downs, 48 Ill. 271; Harding v. Larkin et al. 41 Ill. 413; Clay-comb v. Munger, 51 Ill. 373.

A certified copy of the record of the deed was admissible in evidence: Rev. Stat. 720; 1 Chitty's Pl. 374; Rogers v. Miller, 4 Scam. 333; Palmer v. Logan, 3 Scam. 56.

Notice of special matter and special pleas cannot both be filed with the general issue: Gilmore v. Nowland, 26 Ill. 200.

To recover on a covenant for quiet enjoyment, it is not necessary to aver an outstanding title; it is only necessary to show an eviction: Beebe v. Swartwout, 3 Gilm. 163; Furness v. Williams, 11 Ill. 229; Ohling v. Luitjens, 32 Ill. 23; Brady v. Spurck, 27 Ill. 478; 2 Johns. 395; 7 Johns. 258; 11 Johns. 122.

There is a difference between an eviction under covenant for quiet enjoyment, and one under that of warranty: Fowler v. Poling, 6 Barb. 165; 2 Washburn on Real Property, 665; 5 Kent. 571; 5 Johns. 121.

Appellee is estopped from disputing facts that have been judicially settled by the foreclosure decree, sale and deed: Sisk v. Woodruff, 15 Ill. 15; 27 Ill. 478; 33 Ill. 320.

As to proper parties plaintiff: 2 Washburn on Real Property, 662; 68 Ill. 125; Ryan v. Jones, 15 Ill. 1; Vanmeter's Heirs v. Love's Heirs, 33 Ill. 260.

Baker, J.  Oglesby impleaded appellants in covenant. The declaration alleged that Edward C. Dugger, now deceased, with Valinda B. Dugger, his wife, on the 29th day of July, 1867, in consideration of $4,000, conveyed certain described lots in the town of Ashley, in Washington county, Illinois, to William Vance, and his heirs and assigns forever, and that said Dugger and wife, by the same deed covenanted to and with said Vance, his heirs and assigns, and for themselves, their heirs, executors and administrators, as set forth in said declaration. The declaration further averred that on the 16th of August, 1867, said Vance and his wife conveyed said lots to John Criley, and that said Criley and his wife, on the first day of January, 1869, in consideration of the sum of $3,500, conveyed said premises to the plaintiff. The breach assigned in said declaration is hereinafter specially referred to. The declaration further

averred that on the 23d day of August, 1869, the said Edward C. Dugger departed this life, intestate, leaving as his heirs Valinda B., his widow, and Alfred P., John W., Millard, Ellen, Edward, Julia and Augustus Dugger, his children. Alfred J. Parkinson was appointed administrator of his estate. That there was real estate and personal property inherited from, and distributed to the said widow and heirs, from the said Edward C. Dugger, deceased, before the commencement of the suit, in the sum of twenty thousand dollars, and that Parkinson was the guardian of said minor children, Millard, Edward, Julia and Augustus. Plaintiff further averred a demand and refusal before suit, and the *ad damnum* was $5,000.

To this declaration the defendants below filed three pleas:

1. *Non est factum.*
2. *Nul tiel record.*
3. Performance; with which pleas a notice was filed:
1. That the title was in Dugger when he made the deed.
2. That when the order of the Circuit Court of Washington county was made, Dugger was dead and his heirs were not made parties, and that they did not have notice.
3. That there was *no consideration paid* by plaintiff to *Criley.*
4. That defendants have not inherited any property from Dugger.
5. That no demand was made as averred.
6. That Pearce had no title when the deed was made by Dugger.

Issues were formed upon these pleas, and no motion was interposed to strike out either the special pleas or the notice of special matter. Without objection the parties tried the cause upon the pleas and notice, and it is therefore unavailing for the appellee to now complain in his argument, even if cross-errors had been assigned. Hunt v. Weir, 29 Ill. 83.

By agreement the cause was tried in the Madison Circuit Court, by the judge, without a jury, and the following judgment was entered: "And now on this day, the court being fully advised, it is considered that the issues be found for the plaintiff, and that said defendants (except the said administrator)

are heirs of said Edward C. Dugger. That said Dugger left about $5,000 worth of personal property, and $10,000 worth of real estate, which said heirs received according to the statute of descents and distributions, and that said administrator had accounted for and paid over all said money to said heirs before the institution of this suit. It is therefore considered and ordered by the court that the plaintiff have judgment in his favor and against the defendants, except said administrator, for the sum of $3,500, with legal interest thereon from the date of his eviction, October 28th, 1874, or $4,114.83. It is therefore ordered by the court that the said plaintiff have and recover of the said defendants (except said administrator) the said sum of $4,114.83, being the amount of the damages, together with his costs and charges herein expended, and that he have execution therefor against said defendants, and as to said administrator, that the judgment be of assets, *quando acciderint.*" Exceptions were taken, and the case is brought to this court by appeal.

On the trial of this cause, appellee introduced in evidence a power of attorney from Edward C. Dugger and wife to G. Wright, which authorized him to bargain, sell, grant, convey and confirm, the lots in question with covenants of warranty.

He also introduced in evidence a certified copy of a deed for said lots, from said Dugger and wife, to William Vance, he first orally, in court, under oath, laying the foundation required by statute, for the introduction of a certified copy. Said deed is signed as follows:

Edward C. Dugger,    [seal.]

By G. Wright, his attorney in fact.

Harriet V. B. Dugger, [seal.]

By G. Wright, her attorney in fact.

And the acknowledgment is as follows:

State of Illinois,   } ss.
Washington County. }

I, G. T. Hakes, notary public in the town of Richview, in the county and State aforesaid, do hereby certify that Edward C. Dugger, and Harriet V. B. Dugger, who are personally known to me as the same persons whose names are subscribed to the annexed deed, appeared before me this day in person, and

Dugger et al. v. Oglesby.

acknowledged that they signed, sealed and delivered the said instrument of writing as their free and voluntary act, for the uses and purposes therein set forth. And the said Harriet V. B. Dugger, wife of the said Edward C. Dugger, acknowledged that she had freely and voluntarily executed the same, and relinquished her dower to the lands and tenements therein mentioned, and also her rights and advantages under and by virtue of all the laws of the State, relating to the exemption of homesteads, without compulsion of her said husband, and that she does not wish to retract the same.

Given under my hand and official seal this twenty-ninth day of July, A. D. 1867.

[SEAL.]      GEO. T. HAKES, Notary Public.

The consideration expressed in said deed is $4,000; and it is upon the covenants contained in this deed that the present suit is brought.

He also introduced in evidence a deed for said lots from William Vance to John Criley, and a deed from John Criley to himself. Both of these latter deeds were for the premises in question, and the deed from Criley is dated January 1, 1867, and the consideration expressed therein is $3,500. Full covenants of warranty, etc., are contained in all of these deeds.

The appellee also introduced in evidence a transcript of the proceedings of the Washington County Circuit Court, in the matter of a certain bill in Chancery, wherein one Edwin Pearce was complainant, and William Renfro, Elizabeth Renfro and said Edward C. Dugger, were defendants; and also a transcript of the proceedings of said Washington Circuit Court in the matter of a petition of said Pearce, for a writ of assistance, and in connection therewith two decisions of the Supreme Court of the State reported in 68 Illinois Reports, on pages 125 and 220, one of said decisions having been rendered in the said Chancery case, and the other in the matter of the said application for a writ of assistance.

This evidence taken together shows about this state of facts. That said Pearce and said Wm. P. Renfro were merchandising as partners from 1864 until December 1866; that the partnership was then dissolved and that Renfro was constituted trustee

of the goods of the firm for the purpose of converting them into money by sale at retail, and paying the debts of the firm; that Renfro exchanged the goods for the lots in question, and had the deed made to his wife, Elizabeth, and that Elizabeth conveyed to her brother, Edward C. Dugger, and that he, Dugger, knew how the lots had been acquired by Renfro. Upon the bill filed by Pearce, it was held that equity would follow the property thus acquired, and subject it to the payment of the firm debts. The bill was filed March 4th, 1867, and all three of the defendants answered the bill. On the 29th day of July, 1867, and pending the litigation, Dugger and wife executed the deed, upon the covenants of which this suit is predicated.

Under the decree in this chancery suit, the lots were sold by the Master in Chancery on the 20th day of June, 1868, to Pearce for $2,000. They were sold subject to redemption, and a certificate of purchase was executed. The decree made no order on the defendants to surrender possession on the execution of a deed. In 1871, the original petition for a writ of assistance was filed by Pearce, and various orders were subsequently made in said proceedings, and in 1874, upon remand from the Supreme Court, the petition was amended, and on the 27th day of October of that year a final order was made and a writ of possession awarded. Edward C. Dugger died intestate on the 23d day of August, 1869, and his heirs were not made parties to these proceedings for the possession of the premises, nor was any notice of said proceedings given to them, either by Pearce or by Oglesby. The appellee was evicted from the premises October 28th, 1874.

It was admitted on the trial below that the appellants, except Parkinson, were the widow and heirs at law of said Edward C. Dugger, deceased; that said Dugger left about $5,000 in personal property and $10,000 worth of real estate; that after the payment of debts, said administrator had paid over and settled with said widow and heirs the balance of the estate before the institution of this suit. There was evidence on some collateral points that it is unnecessary to refer to.

Appellants introduced in evidence the deposition of Criley and a letter written by appellee to Criley, for the purpose of

impeaching the consideration of $3,500 expressed in the deed from Criley to appellee.

Appellee then introduced William Vance in rebuttal, who testified that Criley was his son-in-law, and not having paid him, Vance, the consideration for the property, an arrangement was made between him, Oglesby and Criley, whereby the purchase money of $3,500, was paid to him, Vance.

Numerous errors are assigned upon this record, and the more important of them we will proceed to notice.

The first points that we will note are the objections made to the introduction in evidence of the certified copy of the deed to Vance. The first objection made to its introduction is that it is the foundation of the suit, and that therefore a certified copy of it cannot be used in evidence, and that the suit should have been brought upon the deed as a lost instrument. This objection might have been good at common law, but our statute expressly provides, that upon the trial of any cause in law or equity, any party to said cause may, by first complying with the provisions of the statute, read in evidence in any court in this State, the record of any deed or a transcript of the record thereof, certified by the proper recorder, with like effect as though the original of such deed was produced and read in evidence: Rev. Stat. 1874, 279, § 36.

As to the second objection urged to its introduction, we would say that the certificate of acknowledgment is unusually full and formal; contains all of the statutory requirements, and conclusively shows that the grantors in the deed appeared in person before the officer and made the requisite acknowledgment. Kerr v. Russell, 69 Ill. 666; Monroe v. Poorman, 62 Ill. 523.

It may be unusual for persons who have given a power of attorney authorizing the making of a deed, to appear themselves in person before the proper officer, after the deed has been properly executed by their attorney in their names, and themselves acknowledge the execution of it; at the same time it is not impossible, or even improbable, that such a thing should be done. We are of opinion that the court properly overruled the objections made to the introduction of this deed in evidence.

Dugger et al. v. Oglesby.

Among the questions raised by this record is this: We have already seen, that while Dugger was a party to the original chancery suit of Pearce, yet, neither he nor his heirs were party to the subsequent proceedings under the petition for a writ of assistance. The decree does not find that the legal title was not in Dugger, nor does it divest him of the title. It expressly recognizes his legal title, but finds that he holds his legal title subject to certain equities in Pearce and the creditors of the firm of Renfro & Pearce, and directs that the lots be sold for the payment of the partnership debts, allowing fifteen months for redemption. It does not follow from this decree that Dugger, or his grantees, ever were divested of the legal title. We do not say that the court erred in admitting in evidence the record of the proceedings of the Washington Circuit Court in the matter of the petition for a writ of assistance. These were admissible just as proof of an actual ouster was admissible. But we do say that the judicial determination in that proceeding, to which the heirs of Dugger were not parties, and of which the grantees of their ancestors gave them no notice, did not, as to them, establish the fact of a divestiture of title. From aught that they know or we know, from this record, Pearce may never have procured a deed from the master. Many sales are made by masters in chancery that never culminate in a conveyance of the fee. Where a grantee is ousted under a legal proceeding, to which his grantor is not a party, he must give due notice of such proceedings to his grantor, or else, in any subsequent suit against his grantor on the covenants of his deed, he has to assume the burden of proving the validity of the title of him by whom he was ousted. Nor do we deem it material that, in the present instance, Pearce elected to proceed against Oglesby by petition for a writ of assistance, instead of by an action of ejectment. There is clearly a link wanting in this part of the case, and that link is the deed to Pearce, if any such deed there be. Fisk v. Woodruff, 15 Ill. 15; Claycomb v. Munger, 51 Ill. 373.

The averment in the declaration of a breach is as follows: "And the plaintiff avers that the said Edward C. Dugger or Valinda B. Dugger have not warranted and defended the same

premises to the plaintiff, or his grantors, against all lawful claims whatsoever, but on the contrary thereof, the plaintiff in fact says at the time of the date, sealing and delivery of said deed by the said Edward O. Dugger as aforesaid, the paramount title to said premises was in one Edwin Pearce, by virtue of which said paramount title to said premises, the plaintiff afterwards, to wit: on the 27th day of October, A. D. 1873, was evicted, etc.

There is a variance between the allegations and the proofs. The averment is that at the time of the date and delivery of the deed to Vance, the paramount title was in Pearce, by virtue of which paramount title the plaintiff was afterwards evicted; whereas the proof shows that at the time the paramount title was, as a matter of fact, not in Pearce. In Owen v. Thomas, 33 Ill. 320, where the breach assigned was, that at the time the deed was made the legal title was not in defendant but was in Robertson and others, and that their title was paramount, and that plaintiff could not obtain possession of the land, the defendant having plead that at the time conveyance was made the fee was in defendant, and that he conveyed same to plaintiff, the defense was held to be good. In the case of covenants for quiet enjoyment and general warranty, the assignment of a breach must be special. Marston v. Hobbs, 2 Mass. 437.

In this State, on the principle that the mortgagee is the owner of the fee, he can maintain ejectment, but where he resorts to a court of equity to foreclose and sell, the purchaser under the decree, without a deed, cannot assert a hostile title to which the plaintiff could rightfully succumb. The plaintiff's title must be defeated by a paramount legal title, under which he could oust the plaintiff. The foreclosure sale, deed and eviction, should all be shown. See, in this connection, Brady v. Spurck, 27 Ill. 478.

There is a difference between an eviction under the covenant for quiet enjoyment, and under that of warranty. The former relates only to the possession, and the eviction is merely required to be of lawful right, while the latter relates to the title, and the eviction must be not only by lawful right, but by

Dugger et al. v. Oglesby.

paramount title.   2 Washburn, Real Prop. 665;  Fowler v. Paling, 6 Barb. 165.

It is true that the general doctrine is that under the covenant of general warranty, the covenantee, in order to recover, must show either that he is unable to obtain possession under the title derived from the grantor, by reason of a paramount title by which the land is adversely held, or that he has been evicted by a paramount title outstanding at the time of the execution of the deed.   Beebe v. Swartwout, 3 Gil. 162;  Moore v. Vail, 17 Ill. 185;  Claycomb v. Munger, 51 Ill. 373;  Bostwick v. Williams, 36 Ill. 65, and Brady v. Spurck, *supra.*

This general rule is subject, however, to some exceptions, one of which is, where the covenantor, by his prior or subsequent acts, defeats the title that he has covenanted to warrant and defend.   Where a plaintiff can show an eviction under a paramount title derived from a wrongful subsequent sale by the grantor, or derived from an act of the grantor, prior to the sale to him, and which after such sale, culminates in paramount title, then he can maintain an action on the covenant of general warranty.   Jones v. Warren, 81 Ill. 343.

But, as we have seen in the case of this covenant and in the case of covenant for quiet enjoyment, the breach must be special, otherwise the covenantee might recover for an eviction occasioned by his own acts.   The special breach averred must be the breach proven, for otherwise there will be a variance, and if the case of the plaintiff is the case of the exception, then the plaintiff, both by his pleading and proof, must bring himself within the exception.   It is suggested by appellee that the maxim " *Utile per inutile non vitiatur,*" will apply to his declaration in this case, and that the whole of the covenant, except that plaintiff was evicted by a superior title in one Pearce, could be rejected as surplusage.   But the rule contended for would not apply to the case at bar, for the averment is not foreign and impertinent to the cause, nor is it repugnant to precedent matter, but the very ground of action is misstated.

The matter that is claimed to be surplusage, we regard as substantive, for suppose it stricken out and the averment simply

to be as suggested, that appellee was evicted by a superior title in one Pearce, *non constat*, but that such superior title may have grown out of the act of appellee himself, the plaintiff must recover, if at all, *secundem allegata et probata*. Mc-- Connell v. Kibbe, 33 Ill. 175; Boynton v. Robb, 41 Ill. 349; Rudd v. Williams, 43 Ill. 385.

The deed from Dugger to Vance is in the record in this case, and contains covenants, perhaps somewhat variant from the covenants alleged in the declaration. Upon the covenants contained in the deed, the plaintiff can readily frame breaches under which he can recover, if so entitled, upon the supposed state of facts in the case.

Another point upon which the evidence in this case is wholly insufficient to support the findings of the court is, that it nowhere shows that property, either real or personal, to any certain value, had ever descended or been distributed to the heirs. It may be true that Dugger left about $5,000 in personal property, and $10,000 worth of real estate, and that after the payment of debts, the administrator had paid over and settled the balance with the widow and heirs, but it nowhere appears from the evidence what the balance was. The payment of the debts may have absorbed nearly all of the estate, and the amount distributed may have been a merely nominal sum, or, at all events, a sum not sufficient in any view of the law to justify a judgment for $4,114.83, and the awarding of execution against the heirs for that amount. In fact, the phraseology of the admission in regard to this balance paid over, would rather seem to imply that it was a balance in the hands of the administrator of the whole estate after a sale of the real estate, otherwise, how could the administrator have settled it with, or paid it to, the heirs?

Considerable criticism is indulged in by the attorneys for appellants upon the several sections of the Statute of Frauds and Perjuries that afford joint remedies for the debts and liabilities of a deceased person, against the executor or administrator, and against the devisees or heirs, and it is elaborately argued and seriously contended that in a case of such a character as this, the appropriate and only remedy is in chancery,

and it is even assigned as error that the court found for appellee upon the ground that there is no jurisdiction in such a case as this in a court of law.

The statute expressly gives the right to maintain against the heir or devisee the same actions which lie against executors and administrators, and to maintain joint actions, and the right to thus sue in an action at law, the devisee or heir, is expressly recognized in the cases of Ryan v. Jones, 15 Ill. 1, and Branger v. Lucy, decided by the Supreme Court at the June term, 1876, as yet unreported.

It is true that the case of Van Meter's Heirs v. Love's Heirs, 33 Ill. 260, was in chancery, but that was a bill by the wards for an account, and the appropriate remedy was by bill.

The administrator was properly and necessarily made a party defendant in this suit; the assets in the hands of the administrator are primarily liable for the debts of the deceased, and under the statute you can only sue the heirs without joining the administrator in two cases; where there is no administration within a year, and where a judgment has already been obtained against the administrator, and there are no personal assets. R. S. 1874, chap. 59, sections 14, 15 and 16.

Nor can the administrator complain of a judgment against him *quando acciderint.* Such judgment does not imply assets, and the heirs may have aliened the real estate before suit brought, and may be insolvent, and after discovered assets may come to the hands of the administrator, in which event the plaintiff would be entitled to have a *scire facias.*

If we admit that by the 11th and 12th sections of this statute remedy is given against the heirs only as to real estate descended, yet that makes no difference in this case. The contract of the ancestors was under seal, and the heirs were expressly included in the covenants of the deed, and by the common law the heirs of the contracting party when expressly named in the contract are liable to an action for the breach of it, if they have legal assets by descent from the obligor. But if it was only in particular cases that heirs were liable, as to lands descended, for the debts of the intestate, and in those cases only when they had not aliened before suit brought.

Therefore, the necessity for these statutory provisions. Ryan v. Jones, *supra*.

The widow was properly joined as a party defendant under our statute of descent. She is in any event as to one-third of the personal estate of the intestate, an heir of the intestate. But we are unable to see upon what theory the guardian of the infant heirs of Dugger was made a defendant in this suit, or what judgment could properly be rendered against him. R. S. Chap. 59, Sec. 17, and Chap. 64, Sec. 18.

The judgment rendered by the court below was erroneous. It was personal against all the children and the widow for $4,114.83, and for costs, and it awarded execution against them for that amount, and then the administrator, too, was expressly excluded from such judgment, and the order as to him was that the judgment be of assets *quando acciderint*, but for what sum *quando acciderint* nowhere appears. Under an execution issued on this judgment, the whole amount of the judgment might well be made by the sale of the property of one of the children alone, or of the widow alone, although there can be no claim under the evidence that any one of the appellants has inherited that value of property from the intestate.

The assessment of damages and the judgment should have been *in solido* against the administrator and the heirs, including the widow. No execution should have been awarded against the administrator, but as to him, the judgment should have been *quando acciderint*. The widow should have been subjected to no greater liability than the value that she had received under the statute of descents, and excluding widow's award, from the personal estate of her husband, and this value should have been ascertained by the court. Each of the several children should have been subjected to no greater personal liability than the amounts that they had severally received from the personal estate of their father, and the value of the rents and profits, if any, that they had severally received issuing out of real estate inherited from him; other than thus stated, and in the absence of proof of any *bona fide* alienations before action brought, they would be answerable for nothing " as if the same were their own proper debts," but the judgment,

otherwise than as indicated, should have been rendered against them, to be satisfied only out of the real estate which descended to them from their intestate father. Van Meter's Heirs v. Love's Heirs, *supra;* Branger v. Lucy, *supra.*

It is true that the consideration expressed in the deed from Criley to Oglesby may be inquired into, but we deem it wholly immaterial whether such consideration was paid directly to Criley, or by his consent settled with Vance. The evidence is somewhat conflicting as to what the amount of the actual consideration was, but as there will probably be a second trial of the case, it is inexpedient to discuss the evidence upon this point.

For the errors indicated, the judgment of the Circuit Court will be reversed, and the cause remanded.

Reversed and remanded.