JAMES LAUGHLIN

*v.*

CHARLES H. HEER *et al.*

89   119
123   250
22a  601

89   119
187  ¹494

89   119
107a ¹ 87
107a ¹ 88
108a ¹161
108a ¹163

1. HEIRS—*liability for ancestor's debt.* Heirs are not liable for the debts of their ancestor when the latter leaves personal estate sufficient to discharge all just debts and demands against his estate, and it devolves on those seeking to charge the heir with the ancestor's debt to allege and prove, not only the descent of real estate from the ancestor, but also either that there was no per-

sonal estate, or that it was not sufficient to pay the just debts and demands against his estate.

2. DEED OF TRUST—*remedy to collect surplus on sale after satisfying debt secured.* If the holder of a note secured by deed of trust, on a sale, bids more than enough to pay his debt, he will be legally liable for the balance of his bid the same as for any other debt, and this will not authorize the holder of a junior incumbrance on the property sold to maintain a bill in equity against his personal representative and heirs, to reach such surplus, when there is no allegation of the want or insufficiency of the personal estate of the deceased purchaser to pay all his just debts.

APPEAL from the Circuit Court of Monroe county; the Hon. AMOS WATTS, Judge, presiding.

Messrs. WINKELMAN, RICKERT & SLATE, for the appellant.

Messrs. TALBOTT, for the appellees.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

James Gannon and Patrick Gannon gave a deed of trust of certain lands of which they were owners, as tenants in common, situated in Monroe county, to Henry C. Talbott, as trustee, to secure certain promissory notes which they had executed to Hermann Jung, aggregating $2200. This deed was executed on the 8th of November, 1862, and the last note matured five years from that date. On the 1st of August, 1870, the notes and deed of trust were sold, and assigned to Charles Heer, George L. Ditch, John Morrison and Jacob Horine; and, on the 26th of September, 1870, Talbott, as trustee, sold the property described in the deed of trust to Heer, Ditch, Morrison and Horine, upon a bid of $2240.90, and he conveyed the property to them by deed of that date. At the March term, 1874, of the Monroe circuit court, decree was rendered, in a suit for partition between Heer, Ditch, Morrison and Horine, directing a sale of said property; and the same was, on the 18th of April, 1874, sold by a special commissioner to Frank Adelspenger for $2210, and a deed was executed to him for the property.

John Morrison died, intestate, on the 22d of December, 1872, and letters of administration were granted by the proper court, upon his estate, to William R. Morrison and George Morrison, on the 10th of January, 1873. Jacob Horine died, testate, on the 20th of November, 1873, and, on the 26th of November, 1873, Meriam Horine duly qualified, and took upon herself the execution of his will, as executrix. George Ditch died, intestate, on the 16th of December, 1874, and letters of administration were granted, by the proper court, upon his estate, to William T. Ditch, on the 23d of December, 1874.

Appellant claims as junior mortgagee. Patrick Gannon died, intestate, on the 10th of October, 1872. His interest in the property, conveyed by the deed of trust to Jung, was sold to pay debts, under decree of a competent court. James Gannon subsequently purchased and obtained a deed for it, and, being thus sole owner of the equity of redemption, on the 21st of February, 1870, he mortgaged it to appellant to secure the payment of $550, with interest at the rate of ten per cent per annum, five years from that date.

The bill was filed on the 5th of August, 1875, and makes the administrators and heirs at law of Morrison, and Ditch, and the executrix, and heirs at law of Horine, and Heer, Talbott and others, defendants. It seeks a decree against Heer and the administrators, executrix and heirs at law of Ditch, Morrison and Horine, respectively, for payment of the amount due on appellant's mortgage, out of balance of bid of Heer, Ditch, Morrison and Horine, after deducting amount due on the Jung deed of trust, and which, it is claimed, has never been paid to any one lawfully entitled to receive it.

A demurrer was sustained to the bill by the court below, and the only question is, can that ruling be sustained.

Without considering other points, we are of opinion the demurrer was properly sustained, upon the ground that the allegations of the bill are not such as to warrant a decree against the administrators, executrix and heirs at law of Ditch, Morrison and Horine, respectively.

If Heer, Ditch, Morrison and Horine were liable at all, it was for the balance of their bid, because they had not paid it and still owed it. It is not sought to reach the land which they purchased, but merely to collect so much of the balance of this debt as shall be sufficient to satisfy Laughlin's claim. No judgment or decree, to that effect, was obtained or sought in the lifetime of these parties; and, since their deaths, no attempt has been made to enforce the claim against their estates, other than by the present bill. No real estate which these parties owned when they died is specially charged with this claim. Assuming the existence of a legal claim for the balance of the bid, it is not perceived that it is different from any other debt which the parties may have owed in their lifetime, and no distinction in this regard is attempted to be pointed out. Heirs are not liable for the debts of their ancestors where the latter leave personal estate sufficient to discharge all just debts and demands against their estates; and it devolves on those seeking to charge the heir with the ancestor's debt, to allege and prove, not only the descent of real estate from the ancestor, but, also, either that there was no personal estate, or that it was insufficient to pay the just demands against his estate. *Guy, Admr.* v. *Gericks*, 85 Ill. 428.

There is neither an actual averment to that effect here, nor anything that can be construed as equivalent thereto. It is shown that real estate descended, and of what value, but there is no allegation whatever in reference to personal estate.

The decree is affirmed.

*Decree affirmed.*