## Ellen Van Vuren v. Elvira Longstreet et al.

1. ADMINISTRATION OF ESTATES—*Liability of Heir for the Debts of the Estate at Common Law.*—At common law the heir, as such, was not liable for the debts of the estate of the ancestor, but took the real estate free of any claims of general creditors.

2. SAME—*What Must be Shown to Render Heirs Liable for the Debts of the Ancestors Under Sec. 12, Ch. 59, R. S.*—To render the heirs liable for the debts of their ancestor, under section 12, two things must be shown; first, that the ancestor died seized of personal property insufficient to pay his debts; and, second, that real estate or rents and profits out of the same, descended to the heirs.

3. SAME—*Extent of Liability of the Heirs for the Debts of the Ancestor.*—The liability of the heirs for the debts of their ancestor, either at law or in equity, is limited to the amount which comes to them by descent.

Assumpsit, upon a promissory note. Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge presiding. Heard in this court at the October term, 1902. Affirmed. Opinion filed May 28, 1903.

HENRY M. COBURN, attorney for appellant.

EDWARD F. COMSTOCK, attorney for appellees.

It devolves upon those seeking to charge the heir with the ancestor's debt to prove, not only the descent of real estate from the ancestor, but also that there was no personal estate, or that it was not sufficient to pay the just debts and demands against his estate. Dugger v. Oglesby, 3 Ill. App. 94; Guy v. Gericks, 85 Ill. 428; Cutright v. Stanford, Executors, 81 Ill. 240; Branger v. Lucy, 82 Ill. 91; Tennant v. Neal, 20 Ill. App. 571; Forman v. Stickney, 77 Ill. 576; Laughlin v. Heer, 89 Ill. 119; McLean v. McBean, 74 Ill. 137.

MR. PRESIDING JUSTICE BALL delivered the opinion of the court.

Appellant sued appellees as the heirs at law of Aaron Phelps, deceased, upon a promissory note for the sum of $1,500, executed by said deceased June 20, 1893.

The declaration set out the note, and averred that the maker died May 4, 1895, seized of real estate of the value of $100,000; that his personal property was insufficient to pay his debts; and that appellees neglected to cause the estate of the deceased to be administered upon.

At the close of the evidence for appellant the court instructed the jury to find for appellees. The motion for a new trial being overruled, this appeal was perfected.

At common law the heir, as such, was not liable for the debts of the estate of the ancestor, but took the real estate free of any claims of general creditors. Mackin v. Haven, 187 Ill. 491. Impliedly conceding this to be the law, appellant bases her action upon sections 12 and 15 of chapter 59, R. S., concerning "Frauds and Perjuries." These sections read as follows:

Sec. 12. "When any lands, tenements or hereditaments, or any rents or profits out of the same shall descend to any heir, or be devised to any devisee, and the personal estate of the ancestor of such heir or devisor of such devisee shall be insufficient to discharge the just demands against such ancestor or devisor's estate, such heir or devisee shall be liable to the creditor to the full amount of the lands, etc., as may descend or be devised to the said heirs or devisee," etc.

Sec. 15. "If no person shall administer on the goods and chattels of the deceased person for the space of one year after his death, a separate suit or action may be maintained against the heirs or devisees, on all the contracts and undertakings of such deceased person," etc.

It was admitted on the trial that there had been no administration upon the estate of the deceased, and that appellees are the heirs of said Aaron Phelps.

To render the heirs liable for the debts of their ancestor, under section 12, two things must be shown: first, that the ancestor died seized of personal property insufficient to pay his debts; and second, that real estate, or rents and profits out of the same, descended to the heirs. Upon these two points the burden of proof is upon appellant. If she fail to establish either of them her suit abates. Laughlin v. Heer, 89 Ill. 119; Dugger v. Oglesby, 3 Ill. App. 94, 106; Guy v. Gericks, 85 Ill. 428. The record shows that neither of these propositions of fact was proven. There is a total lack of evidence showing that at the death of the ancestor he was seized of any property, either real or personal; or that any real estate, or any rents or profits out of the same, descended to the appellees or to any one of them.

There is evidence, however, tending to prove that years before his death the ancestor had property. What became of it does not clearly appear. Three years prior to his demise, at the time the note sued on was given, the deceased stated that the reason why he gave the note instead of then paying the debt, was, he had deeded the property to his children and had got nothing in return for it. The fact, if it be a fact, that the deceased during his lifetime made a voluntary conveyance of his real estate to his children,

would not render them liable in this action, for section 12 provides that the land "shall descend" to the heirs, or be "devised" to the devisee in order to bring such heir or such devisee within its provisions.

We are therefore of the opinion that the appellant can take nothing under said section 12.

The second claim of appellant is that under section 15 appellees are liable in this action whether or not they took property by descent; that this section was enacted to compel a speedy administration of estates, and that under its terms the heirs are liable herein, for the reason that they neglected to cause the estate of their ancestor to be administered upon.

We do not so read this section. Its words are: "If no person shall administer upon the goods and chattels of a deceased person," etc.—thereby assuming that "goods and chattels" of such deceased person existed at his death— a "separate suit or action may be maintained against the heirs or devisees," etc.

Upon principle, the creditor is equitably entitled to be paid out of the estate of his deceased debtor before the heirs take anything. The common law does not give full relief in this regard. To remedy this inconvenience the sections under discussion (and other sections not here involved) were enacted. It follows that to recover against the heir or devisee upon any general contract or undertaking of the deceased, it is necessary for the plaintiff to show that such deceased died seized of goods and chattels which could have been administered upon, but were not. Surely the general assembly did not intend that the heirs and devisees of a bankrupt must go through the farce of probating an estate which is a minus quantity, under the penalty of paying the obligations of the ancestor out of their own possessions. The law does not require the doing of a useless thing. Tennant v. Neal, 20 Ill. App. 573. A penal statute, whether the punishment be pecuniary or otherwise, is strictly construed. 16 Am. & Eng. Ency. 378, and notes. The rule is the same where the statute creates a liability unknown to the common law. 16 Am. & Eng. Ency. 400.

Sections 12 and 15, being parts of the same act, pointing out different roads to reach the same end, must be considered together. The defect to be remedied must also be regarded. That the latter section can be enforced only when the ancestor dies seized of goods and chattels, is evident when one considers the many cases in our courts holding that the liability of heirs for the debts of their ancestor, either at law or in equity, is limited to the amount which comes to each heir by descent. Among these cases are: Dugger v. Oglesby, 3 Ill. App. 94, 108; Tennant v. Neal, *supra;* Vanmeter v. Love, 33 Ill. 260; McLean v. McBean, 74 Ill. 137; Cutright v. Stanford, 81 Ill. 244; Branger v. Lucy, 82 Ill. 91; Guy v. Gericks, 85 Ill. 429; Laughlin v. Heer, 89 Ill. 119; Forman v. Stickney, 77 Ill. 578. Appellant can not recover under said section 15.

The judgment of the Circuit Court is affirmed.